

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-1995

# Nelson v County of Allegheny

Precedential or Non-Precedential:

Docket 94-3511

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Nelson v County of Allegheny" (1995). *1995 Decisions.* Paper 188.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/188

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 94–3511

—————


TAMMY NELSON, (J.D. #10);
ARLEIGH EDDY, (J.D. #17); IDA KAUFMAN, (J.D. #26);
SANDY SAUNDERS, (J.D. #47); DONNA SKUTA, (J.D. #52);
JANET COCCHI, (J.D. #12); MARY BEDDINGFIELD, (J.D. #7);

v.

COUNTY OF ALLEGHENY, (The "County");
CHARLES R. KOZAKIEWICZ, Warden of the Allegheny County Jail;
CITY OF PITTSBURGH, (the City);
MAYER DEROY, Assistant Chief of the City Lockup
at the time of the incidents complained of,
being sued in their official and individual capacities

JUDY DICK,* (J.D. #16);
VALERIE ZYSKOWSKI,* (J.D. #60);
JANET COCCHI, (J.D. #12); and
MARY BEDDINGFIELD, (J.D. #7)
(*Pursuant to Rule 12(a),
F.R.A.P.),
Appellants


—————————————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 91–cv–00316)

—————————


Argued March 7, 1995

Before:  BECKER, SCIRICA, and WOOD*, Circuit Judges

(Filed July 18, 1995)


1

*The Honorable Harlington Wood, Jr., United States Circuit Judge for the Se
Circuit, sitting by designation.

A. LAWRENCE WASHBURN, JR., ESQUIRE (ARGUED)
Legal Center for Defense of Life
210 East 23rd Street, Suite 5F
New York, New York 10010

   Attorney for Appellants


BRIAN S. KANE, ESQUIRE (ARGUED)
STACEY F. VERNALLIS, ESQUIRE
Pietragallo, Bosick & Gordon
One Oxford Centre, 38th Floor
Pittsburgh, Pennsylvania 15219

   Attorneys for Appellees,
   County of Allegheny and
   Charles R. Kozakiewicz


SUSAN E. MALIE, ESQUIRE
City of Pittsburgh
Department of Law
313 City-County Building
Pittsburgh, Pennsylvania 15219

   Attorney for Appellees,
   City of Pittsburgh and Mayer Deroy

_____

OPINION OF THE COURT
_____


SCIRICA, Circuit Judge.

For claims subject to federal statutes of limitations, commenceme
action tolls the running of the statute for all purported members of the cl
denial of class certification, the tolling period ends.  In this appeal we
whether the Pennsylvania Supreme Court would continue the tolling period of
statute of limitations beyond a district court's denial of class certificat
appeals of that denial are exhausted.  We also must decide whether Rule 15(
Federal Rules of Civil Procedure would permit relation back of an amendment

that names new plaintiffs after expiration of the statute of limitations wh

plaintiffs are neither substituted nor have shown mistake concerning identi

affirm the order of the district court dismissing plaintiffs' claims.

## I.

On March 11, 1989, anti-abortion protestors demonstrated on the g private clinic in Pittsburgh and blocked patient access to the facility.  P police arrested about sixty female protestors and took them to a city holdi until their transfer to the Allegheny County jail.  They were detained over released the next day.

On February 21, 1991 -- eighteen days short of the two-year anniv protest -- this lawsuit was filed, as a class action by a representative on the women arrested and by four protestors asserting individual claims.  The alleges that the city and county and their employees, through their actions and detaining the women, violated the protestors' civil rights under 42 U.S The district court denied a motion for certification of a plaintiff class o 1991.  Eighteen days later, on December 10, the protestors filed a third am that included two more women asserting individual claims.

After the passage of two more years, and five years after the dem issue, the protestors filed a fourth amended complaint on March 17, 1994. complaint named five of the six women who had previously asserted individua woman chose voluntarily to dismiss her claims) and added two more plaintiff and Mary Beddingfield. On May 31, 1994, two additional protestors, Judy Dic Zyskowski, filed a joint motion to intervene as party plaintiffs.

Defendants then moved to dismiss the claims of Cocchi and Bedding strike the motion of Dick and Zyskowski to intervene.  The district court g

---

[0]The protestors also asserted various other claims that the district court d

motions, holding that the four women's claims were barred by the applicable

limitations.  Cocchi, Beddingfield, Dick, and Zyskowski appeal.

## II.

The district court had jurisdiction of this case under 28 U.S.C.

and § 1343(a)(3)-(a)(4) (1988).  We have jurisdiction if the district court

constitute "final decisions" under 28 U.S.C. § 1291 (1988).  The determinat

appellants' claims are barred by the statute of limitations is a final and

decision.  See Green V. Humphrey Elevator & Truck Co., 816 F.2d 877, 878 n.

1987) ("order dismissing the complaint in the instant action is final and t

. . . because the statute of limitations on appellant's cause of action has

We exercise plenary review over a district court's dismissal of a

See Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993); Napier v. Thirty or

Unidentified Fed. Agents, 855 F.2d 1080, 1085 (3d Cir. 1988).  Although we

review dispositions of motions to intervene for abuse of discretion, Brody

Sugzdinis v. Spang, 957 F.2d 1108, 1115 (3d Cir. 1992), the district court

exercise discretion in denying the motion to intervene, but barred the clai

its legal conclusion that the statute of limitations had expired.  In these

we conduct plenary review.  See American Pipe & Constr. Co. v. Utah, 414 U.

(1974) ("In denying permission to intervene in this case, however, Judge Pe

purport to weigh the competing considerations in favor of and against inter

simply found that the prospective intervenors were absolutely barred by the

limitations.  This determination was not an exercise of discretion, but rat

conclusion of law . . . .").  Similarly, "[w]e have plenary review of the di

choice and interpretation of applicable tolling principles and its conclusi

facts gave rise to a tolling of the statute of limitations."  Sheet Metal W

19 v. 2300 Group, Inc., 949 F.2d 1274, 1278 (3d Cir. 1991).  Finally, our r

district court's construction of Pennsylvania law is de novo.  Salve Regina

5

Russell, 499 U.S. 225, 231 (1991) ("We conclude that a court of appeals sho

novo a district court's determination of state law."); Grimes v. Vitalink C

Corp., 17 F.3d 1553, 1557 (3d Cir.) ("The determinations regarding state la

appropriate, will be reviewed de novo."), cert. denied, 115 S. Ct. 480 (199

### III.

Because Congress did not establish a statute of limitations appli

actions brought in federal court, federal district courts must "borrow" sta

limitations governing analogous state causes of actions. Board of Regents

U.S. 478, 483-85 (1980) (citing 42 U.S.C. § 1988 and numerous cases). Furt

practice of `borrowing' state statutes of limitations `logically include[s]

tolling.'" Chardon v. Fumero Soto, 462 U.S. 650, 657 (1983) (citing Tomani

485). The parties agree that Pennsylvania's two-year statute of limitation

the plaintiffs' § 1983 claims here and that the running of the statute prop

when the class action was filed. The parties dispute, however, the duratio

tolling period applicable to claims of class members.

The Pennsylvania Supreme Court approves tolling the running of st

limitations while eligible class members are putative parties to a class ac

Alessandro v. State Farm Mut. Auto. Ins. Co., 409 A.2d 347, 350 n.9 (Pa. 19

United States Supreme Court has held that such tolling protects both interv

purported class members who later file individual actions. Crown, Cork & S

Parker, 462 U.S. 345, 350 (1983); American Pipe & Constr. Co. v. Utah, 414

(1974).[0] The dispute here concerns when such tolling stops. The defendants

---

[0] Pa. R. Civ. P. 1701(a) defines a class action as, "[A]ny action brought by
parties as representatives of a class until the court by order refuses to c
such or revokes a prior certification under these rules." The 1977 Explana
the rule states that this definition becomes important in determining the e
commencement of a class action because it "carries into effect the decision
Pipe, holding that] the commencement of an action as a class action suspend
applicable statute of limitations during the interim period from commenceme
refusal to certify as to all putative members of the class . . . ."

tolling period ended when the district court denied certification of the cl

Plaintiffs contend that tolling should have continued until the class repre

appeal of the denial was exhausted.

Plaintiffs seek to rely on a decision of the Pennsylvania Superio

held tolling continued during the pendency of the class representative's ap

v. Federal Kemper Ins. Co., 508 A.2d 1222, 1231 (Pa. Super. Ct. 1986). The

declined to follow the Miller panel, noting the different appellate procedu

Pennsylvania and federal courts. Pennsylvania courts treat the denial of c

certification as a final order from which an appeal may be taken immediatel

409 A.2d at 350. Denial of class certification by a federal court, however,

interlocutory and ordinarily not immediately appealable. Coopers & Lybrand

437 U.S. 463, 470 (1978). Thus, in state court proceedings, there is some

continuing the tolling period while the certification decision is resolved.

federal court, such a continuation would result in a substantial extension

period. The district court found that this distinction made application of

Court's rule to cases in federal courts unreasonable. We agree.

In deciding that the Pennsylvania Supreme Court would similarly c

distinction, we observe that, in related contexts, Pennsylvania's highest c

weighed the policies warranting application of tolling periods to statutes

against the risks of diluting those statutes. "Statutes of limitations embo

policy judgments that must be taken into account in determining the scope o

of the tolling principle." Cunningham v. Insurance Co. of N. Am., 530 A.2d

1987), cert. denied, 484 U.S. 1008 (1988). In Cunningham, the court found

patently non-justiciable claim was not sufficient to toll the statute, noti

> To hold otherwise would be to render the statute of limitations s
> diluted in its effect as to skirt the clear legislative policy
> expressed therein, and would encourage plaintiffs to sleep on the
> rights in the hope that officious intermeddlers, who lack standin
> will institute actions on their behalf.

7

<u>Id.</u> at 411.

We predict that the Pennsylvania Supreme Court would apply parall
here, and conclude that to permit tolling the statute of limitations until
resolution on appeal of all claims would disable the essential purpose of t
encourage plaintiffs to sleep on their rights. Accordingly, we will affirm
court's order dismissing the claims of Cocchi and Beddingfield and striking
Dick and Zyskowski to intervene.

IV.

Alternatively, Cocchi and Beddingfield assert they may evade the
limitations because, under Federal Rule of Civil Procedure 15(c), inclusion
claims in the fourth amended complaint, filed five years after the demonstr
than two years after expiration of the statute of limitations, should relat
filing date of the initial complaint.  We disagree.[0]

Federal Rule of Civil Procedure 15(c) permits amendment of a plea
back to the date of the original pleading when:
>      (1)  relation back is permitted by the law that provides the
>      statute of limitations applicable to the action,[0] or

---

[0]Because the district court did not address this argument in the opinion bel
ask us to remand for consideration of the question.  We note, however, that
rule that a federal appellate court does not consider an issue not passed u
one of discretion rather than jurisdiction. <u>Selected Risks Ins. Co. v. Brun</u>
69 (3d Cir. 1983). We exercise that discretion here, noting that we may aff
district court on any basis.  <u>See</u>, <u>e.g.</u>, <u>Felix v. Virgin Islands Government</u>
57 (citing <u>Bernitsky v. United States</u>, 620 F.2d 948, 950 (3d Cir.), <u>cert. d</u>
870 (1980)).

[0]This provision, added in 1991, was intended to make clear "that the rule do
to preclude any relation back that may be permitted under the applicable li
of the jurisdiction that provides the statute of limitations.  3 James W. M
<u>Moore's Federal Practice</u> ¶ 15.15[3.–1] (2d ed. 1995) (quoting 1991 Advisory
Note).  According to the Advisory Committee Note, if the law providing the
"affords a more forgiving principle of relation back than the one provided
it should be available to save the claim." Pennsylvania does not provide a
principle of relation back" than does federal practice.  <u>See</u> <u>Aivazoglou v.</u>
<u>Furnaces</u>, 613 A.2d 595, 599 (Pa. Super. Ct. 1992) (adhering to the "well es
that new parties cannot be introduced into a suit by amendment following ex

8

> (2)  the claim or defense asserted in the amended pleading a
> out of the conduct, transaction, or occurrence set forth or attem
> to be set forth in the original pleading, or
>
> (3)  the amendment changes the party or the naming of the pa
> against whom a claim is asserted if the foregoing provision (2) i
> satisfied and . . . the party to be brought in by amendment (A) h
> received such notice of the institution of the action that the pa
> will not be prejudiced in maintaining a defense on the merits, an
> knew or should have known that, but for a mistake concerning the
> identity of the proper party, the action would have been brought
> against the party. . . .

Fed. R. Civ. P. 15(c).[0]  Relying on Varlack v. SWC Caribbean, Inc., 550 F.2d

1977), Cocchi and Beddingfield claim subparagraph (3) of Rule 15(c) allows

coming more than two years after expiration of the statute of limitations a

as plaintiffs, to relate back to the original action.[0]  But for appellants'

relate back, all three conditions specified in Rule 15(c)(3) must be satisf

Appellants' argument fails because they have not demonstrated "a mistake co

identity of the proper party."

Statutes of limitations ensure that defendants are "protected aga

prejudice of having to defend against stale claims, as well as the notion t

point, claims should be laid to rest so that security and stability can be

human affairs."  Cunningham, 530 A.2d at 409 (citations omitted).  In order

this protection, the relation-back rule requires plaintiffs to show that th

commenced action sufficiently embraces the amended claims so that defendant

unfairly prejudiced by these late-coming plaintiffs and that plaintiffs hav

their rights.

---

period of the statute of limitations").  Accordingly, this subparagraph doe
appellants' case.

[0]Under Hanna v. Plumer, 380 U.S. 460 (1965), the question of relation back i
and therefore properly analyzed according to federal practice.  3 J. Moore,
15.15[2].

[0]In Varlack, we held that replacement of a "John Doe" caption with a party's
amounted to "changing a party," warranting application of Rule 15(c).  Varl
Caribbean, Inc., 550 F.2d 171, 174 (3d Cir. 1977).

9

Where the effort is to add new parties, courts apply subparagraph

inquire whether the defendants (A) received such notice that they will not

in maintaining a defense on the merits, and (B) knew or should have known t

mistake concerning the identity of the proper party, the action would have

with the original claims.[0]

The emphasis of the first prong of this inquiry is on notice.  "[

`prejudice' to which the Rule refers is that suffered by one who, for lack

notice that a suit has been instituted, must set about assembling evidence

constructing a defense when the case is already stale."  <u>Curry v. Johns-Man</u>

F.R.D. 623, 626 (E.D. Pa. 1982). Because Cocchi and Beddingfield allege inj

conduct described in the original pleading, the evidence relevant to a defe

these new claims would be the same as the evidence relevant to a defense ag

original claims. Hence, Cocchi and Beddingfield satisfy the first prong of

On the second prong, however, the new complaint fails. Defendants

nor should they have known before the expiration of the limitations period

mistake, they would have been sued directly by these plaintiffs.  The Court

the District of Columbia Circuit has noted that without some limit relation

> would allow the tardy plaintiffs to benefit from the diligence of
> other victims and, more importantly, could cause defendants' liab
> to increase geometrically and their defensive strategy to become
> more complex long after the statute of limitations had run.  Even
> as here, there were no showing of specific prejudice in the sense
> lost or destroyed evidence, defendants would still be deprived of
> their interest in repose.  At some point, defendants should have
> notice of who their adversaries are.

---

[0]The Committee Note to the 1966 Amendment to the rule advises,

> The relation back of amendments changing plaintiffs is not
> expressly treated in revised Rule 15(c) since the problem is gene
> easier [than that of amendments changing defendants].  Again the
> consideration of policy is that of the statute of limitations, an
> attitude taken in revised Rule 15(c) toward change of defendants
> extends by analogy to amendments changing plaintiffs.

10

Leachman v. Beech Aircraft Corp., 694 F.2d 1301, 1309 (D.C. Cir. 1982).[0]   Co

Beddingfield had ample time -- the time dictated by the relevant statute pl

period of time during which the statute was tolled -- in which to file thei

is not disputed that Cocchi and Beddingfield were aware of their right to b

claims.  Nevertheless, they failed to add their names to the complaint unti

expiration of the statute of limitations.  They have not demonstrated that

was due to mistake.

Although the relation-back rule ameliorates the effect of statute

limitations, 6A Charles A. Wright & Arthur R. Miller, Federal Practice and

1497, it does not save the claims of complainants who have sat on their rig

Cocchi and Beddingfield seek to take advantage of the rule to perform an en

the statute of limitations that bars their claims.  We will affirm the dist

dismissal of their claims.

V.

For the foregoing reasons we will affirm the district court's dis

claims of Cocchi and Beddingfield and its order striking the motion to inte

and Zyskowski.

---

[0]This is not a case where plaintiffs merely sought to substitute a real part
See  Staren v. American Nat. Bank & Trust Co., 529 F.2d 1257, 1263 (7th Cir
substitution of such parties after the applicable statute of limitations ma
not significant when the change is merely formal and in no way alters the k
issues on which the action is based.");  6A Charles A. Wright & Arthur R. M
Practice and Procedure § 1501 (1990) (citing cases permitting amendments th
new plaintiffs to relate back if the added plaintiffs are real parties in i
Advisory Committee Note to the 1966 Amendment to Rule 15 noted the relevanc
17(a), authorizing substitution of real parties in interest, to Rule 15(c).
Committee Note to the 1966 Amendment to Rule 17(a) cautioned that the provi
substitution of plaintiffs should not be "misunderstood or distorted.  It i
prevent forfeiture when determination of the proper party to sue is difficu
understandable mistake has been made." Neither condition is met here.

11