60 F.3d 1010
 32 Fed.R.Serv.3d 1179
 Tammy NELSON, (J.D. # 10); Arleigh Eddy, (J.D. # 17); Ida
Kaufman, (J.D. # 26); Sandy Saunders, (J.D. #
47); Donna Skuta, (J.D. # 52); Janet
Cocchi, (J.D. # 12); Mary
Beddingfield, (J.D. # 7),
v.
COUNTY OF ALLEGHENY, (The "County"); Charles R.
Kozakiewicz, Warden of the Allegheny County Jail; City of
Pittsburgh, (the City); Mayer Deroy, Assistant Chief of the
City Lockup at the time of the incidents complained of,
being sued in their official and individual capacities
Judy Dick,* (J.D. # 16); Valerie Zyskowski,* (J.D. # 60);
Janet Cocchi, (J.D. # 12); and Mary Beddingfield,
(J.D. # 7) (* Pursuant to Rule 12(a),
F.R.A.P.), Appellants.
 No. 94-3511.
 United States Court of Appeals,
Third Circuit.
 Argued March 7, 1995.
Decided July 18, 1995.
 
 A. Lawrence Washburn, Jr. (argued), Legal Center for Defense of Life, New York City, for appellants.
 Brian S. Kane (argued), Stacey F. Vernallis, Pietragallo, Bosick & Gordon, Pittsburgh, PA, for appellees, County of Allegheny and Charles R. Kozakiewicz.
 Susan E. Malie, City of Pittsburgh, Dept. of Law, Pittsburgh, PA, for appellees, City of Pittsburgh and Mayer Deroy.
 Before: BECKER, SCIRICA, and WOOD, Jr.,* Circuit Judges.
 OPINION OF THE COURT
 SCIRICA, Circuit Judge.
 
 
 1
 For claims subject to federal statutes of limitations, commencement of a class action tolls the running of the statute for all purported members of the class, but upon denial of class certification, the tolling period ends. In this appeal we must decide whether the Pennsylvania Supreme Court would continue the tolling period of a state statute of limitations beyond a district court's denial of class certification until appeals of that denial are exhausted. We also must decide whether Rule 15(c) of the Federal Rules of Civil Procedure would permit relation back of an amendment to a pleading that names new plaintiffs after expiration of the statute of limitations when those new plaintiffs are neither substituted nor have shown mistake concerning identity. We will affirm the order of the district court dismissing plaintiffs' claims.
 
 I.
 
 2
 On March 11, 1989, anti-abortion protestors demonstrated on the grounds of a private clinic in Pittsburgh and blocked patient access to the facility. Pittsburgh police arrested about sixty female protestors and took them to a city holding facility until their transfer to the Allegheny County jail. They were detained overnight and released the next day.
 
 
 3
 On February 21, 1991--eighteen days short of the two-year anniversary of the protest--this lawsuit was filed, as a class action by a representative on behalf of all the women arrested and by four protestors asserting individual claims. The lawsuit alleges that the city and county and their employees, through their actions in arresting and detaining the women, violated the protestors' civil rights under 42 U.S.C. Sec. 1983.[1] The district court denied a motion for certification of a plaintiff class on November 22, 1991. Eighteen days later, on December 10, the protestors filed a third amended complaint that included two more women asserting individual claims.
 
 
 4
 After the passage of two more years, and five years after the demonstration at issue, the protestors filed a fourth amended complaint on March 17, 1994. This latest complaint named five of the six women who had previously asserted individual claims (one woman chose voluntarily to dismiss her claims) and added two more plaintiffs, Janet Cocchi and Mary Beddingfield. On May 31, 1994, two additional protestors, Judy Dick and Valerie Zyskowski, filed a joint motion to intervene as party plaintiffs.
 
 
 5
 Defendants then moved to dismiss the claims of Cocchi and Beddingfield and to strike the motion of Dick and Zyskowski to intervene. The district court granted the motions, holding that the four women's claims were barred by the applicable statute of limitations. Cocchi, Beddingfield, Dick, and Zyskowski appeal.
 
 II.
 
 6
 The district court had jurisdiction of this case under 28 U.S.C. Sec. 1331 (1988) and Sec. 1343(a)(3)-(a)(4) (1988). We have jurisdiction if the district court's orders constitute "final decisions" under 28 U.S.C. Sec. 1291 (1988). The determination that appellants' claims are barred by the statute of limitations is a final and reviewable decision. See Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 878 n. 4 (3d Cir.1987) ("order dismissing the complaint in the instant action is final and thus reviewable ... because the statute of limitations on appellant's cause of action has run").
 
 
 7
 We exercise plenary review over a district court's dismissal of a complaint. See Moore v. Tartler, 986 F.2d 682, 685 (3d Cir.1993); Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1085 (3d Cir.1988). Although we generally review dispositions of motions to intervene for abuse of discretion, Brody ex rel. Sugzdinis v. Spang, 957 F.2d 1108, 1115 (3d Cir.1992), the district court here did not exercise discretion in denying the motion to intervene, but barred the claims because of its legal conclusion that the statute of limitations had expired. In these circumstances, we conduct plenary review. See American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 560, 94 S.Ct. 756, 769-70, 38 L.Ed.2d 713 (1974) ("In denying permission to intervene in this case, however, Judge Pence did not purport to weigh the competing considerations in favor of and against intervention, but simply found that the prospective intervenors were absolutely barred by the statute of limitations. This determination was not an exercise of discretion, but rather a conclusion of law...."). Similarly, "[w]e have plenary review of the district court's choice and interpretation of applicable tolling principles and its conclusion that the facts gave rise to a tolling of the statute of limitations." Sheet Metal Workers, Local 19 v. 2300 Group, Inc., 949 F.2d 1274, 1278 (3d Cir.1991). Finally, our review of the district court's construction of Pennsylvania law is de novo. Salve Regina College v. Russell, 499 U.S. 225, 231, 111 S.Ct. 1217, 1220-21, 113 L.Ed.2d 190 (1991) ("We conclude that a court of appeals should review de novo a district court's determination of state law."); Grimes v. Vitalink Communications Corp., 17 F.3d 1553, 1557 (3d Cir.) ("The determinations regarding state law, where appropriate, will be reviewed de novo."), cert. denied, --- U.S. ----, 115 S.Ct. 480, 130 L.Ed.2d 393 (1994).
 
 III.
 
 8
 Because Congress did not establish a statute of limitations applicable to Sec. 1983 actions brought in federal court, federal district courts must "borrow" state laws of limitations governing analogous state causes of actions. Board of Regents v. Tomanio, 446 U.S. 478, 483-85, 100 S.Ct. 1790, 1794-96, 64 L.Ed.2d 440 (1980) (citing 42 U.S.C. Sec. 1988 and numerous cases). Furthermore, "the practice of 'borrowing' state statutes of limitations 'logically include[s] rules of tolling.' " Chardon v. Fumero Soto, 462 U.S. 650, 657, 103 S.Ct. 2611, 2616, 77 L.Ed.2d 74 (1983) (citing Tomanio, 446 U.S. at 485, 100 S.Ct. at 1795-96). The parties agree that Pennsylvania's two-year statute of limitations applies to the plaintiffs' Sec. 1983 claims here and that the running of the statute properly was tolled when the class action was filed. The parties dispute, however, the duration of the tolling period applicable to claims of class members.
 
 
 9
 The Pennsylvania Supreme Court approves tolling the running of statutes of limitations while eligible class members are putative parties to a class action. See Alessandro v. State Farm Mut. Auto. Ins. Co., 487 Pa. 274, 409 A.2d 347, 350 n. 9 (1979). The United States Supreme Court has held that such tolling protects both intervenors and purported class members who later file individual actions. Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 350, 103 S.Ct. 2392, 2395-96, 76 L.Ed.2d 628 (1983); American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554, 94 S.Ct. 756, 766-67, 38 L.Ed.2d 713 (1974).[2] The dispute here concerns when such tolling stops. The defendants argue the tolling period ended when the district court denied certification of the class. Plaintiffs contend that tolling should have continued until the class representative's appeal of the denial was exhausted.
 
 
 10
 Plaintiffs seek to rely on a decision of the Pennsylvania Superior Court that held tolling continued during the pendency of the class representative's appeal. Miller v. Federal Kemper Ins. Co., 352 Pa.Super. 581, 508 A.2d 1222, 1231 (1986). The district court declined to follow the Miller panel, noting the different appellate procedures followed by Pennsylvania and federal courts. Pennsylvania courts treat the denial of class certification as a final order from which an appeal may be taken immediately. Alessandro, 409 A.2d at 350. Denial of class certification by a federal court, however, is interlocutory and ordinarily not immediately appealable. Coopers & Lybrand v. Livesay, 437 U.S. 463, 470, 98 S.Ct. 2454, 2458-59, 57 L.Ed.2d 351 (1978). Thus, in state court proceedings, there is some logic to continuing the tolling period while the certification decision is resolved. But in federal court, such a continuation would result in a substantial extension of the tolling period. The district court found that this distinction made application of the Superior Court's rule to cases in federal courts unreasonable. We agree.
 
 
 11
 In deciding that the Pennsylvania Supreme Court would similarly credit this distinction, we observe that, in related contexts, Pennsylvania's highest court has weighed the policies warranting application of tolling periods to statutes of limitations against the risks of diluting those statutes. "Statutes of limitations embody important policy judgments that must be taken into account in determining the scope of application of the tolling principle." Cunningham v. Insurance Co. of N. Am., 515 Pa. 486, 530 A.2d 407, 409 (1987), cert. denied, 484 U.S. 1008, 108 S.Ct. 704, 98 L.Ed.2d 655 (1988). In Cunningham, the court found that filing a patently non-justiciable claim was not sufficient to toll the statute, noting:
 
 
 12
 To hold otherwise would be to render the statute of limitations so diluted in its effect as to skirt the clear legislative policy expressed therein, and would encourage plaintiffs to sleep on their rights in the hope that officious intermeddlers, who lack standing, will institute actions on their behalf.
 
 
 13
 Id. 530 A.2d at 411.
 
 
 14
 We predict that the Pennsylvania Supreme Court would apply parallel reasoning here, and conclude that to permit tolling the statute of limitations until final resolution on appeal of all claims would disable the essential purpose of the statute and encourage plaintiffs to sleep on their rights. Accordingly, we will affirm the district court's order dismissing the claims of Cocchi and Beddingfield and striking the motions of Dick and Zyskowski to intervene.
 
 IV.
 
 15
 Alternatively, Cocchi and Beddingfield assert they may evade the statute of limitations because, under Federal Rule of Civil Procedure 15(c), inclusion of their claims in the fourth amended complaint, filed five years after the demonstration and more than two years after expiration of the statute of limitations, should relate back to the filing date of the initial complaint. We disagree.[3]
 
 
 16
 Federal Rule of Civil Procedure 15(c) permits amendment of a pleading to relate back to the date of the original pleading when:
 
 
 17
 (1) relation back is permitted by the law that provides the statute of limitations applicable to the action,[4] or
 
 
 18
 (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
 
 
 19
 (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and ... the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party....
 
 
 20
 Fed.R.Civ.P. 15(c).[5] Relying on Varlack v. SWC Caribbean, Inc., 550 F.2d 171 (3d Cir.1977), Cocchi and Beddingfield claim subparagraph (3) of Rule 15(c) allows the amendment, coming more than two years after expiration of the statute of limitations and naming them as plaintiffs, to relate back to the original action.[6] But for appellants' claims to relate back, all three conditions specified in Rule 15(c)(3) must be satisfied. Appellants' argument fails because they have not demonstrated "a mistake concerning the identity of the proper party."
 
 
 21
 Statutes of limitations ensure that defendants are "protected against the prejudice of having to defend against stale claims, as well as the notion that, at some point, claims should be laid to rest so that security and stability can be restored to human affairs." Cunningham, 530 A.2d at 409 (citations omitted). In order to preserve this protection, the relation-back rule requires plaintiffs to show that the already commenced action sufficiently embraces the amended claims so that defendants are not unfairly prejudiced by these late-coming plaintiffs and that plaintiffs have not slept on their rights.
 
 
 22
 Where the effort is to add new parties, courts apply subparagraph (3), and inquire whether the defendants (A) received such notice that they will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought with the original claims.[7]
 
 
 23
 The emphasis of the first prong of this inquiry is on notice. "[T]he 'prejudice' to which the Rule refers is that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale." Curry v. Johns-Manville Corp., 93 F.R.D. 623, 626 (E.D.Pa.1982). Because Cocchi and Beddingfield allege injury by the same conduct described in the original pleading, the evidence relevant to a defense against these new claims would be the same as the evidence relevant to a defense against the original claims. Hence, Cocchi and Beddingfield satisfy the first prong of Rule 15(c).
 
 
 24
 On the second prong, however, the new complaint fails. Defendants did not know, nor should they have known before the expiration of the limitations period that, but for a mistake, they would have been sued directly by these plaintiffs. The Court of Appeals for the District of Columbia Circuit has noted that without some limit relation back:
 
 
 25
 would allow the tardy plaintiffs to benefit from the diligence of the other victims and, more importantly, could cause defendants' liability to increase geometrically and their defensive strategy to become far more complex long after the statute of limitations had run. Even if, as here, there were no showing of specific prejudice in the sense of lost or destroyed evidence, defendants would still be deprived of their interest in repose. At some point, defendants should have notice of who their adversaries are.
 
 
 26
 Leachman v. Beech Aircraft Corp., 694 F.2d 1301, 1309 (D.C.Cir.1982).[8] Cocchi and Beddingfield had ample time--the time dictated by the relevant statute plus the generous period of time during which the statute was tolled--in which to file their claims. It is not disputed that Cocchi and Beddingfield were aware of their right to bring these claims. Nevertheless, they failed to add their names to the complaint until after expiration of the statute of limitations. They have not demonstrated that this failure was due to mistake.
 
 
 27
 Although the relation-back rule ameliorates the effect of statutes of limitations, 6A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 1497, it does not save the claims of complainants who have sat on their rights. Here, Cocchi and Beddingfield seek to take advantage of the rule to perform an end-run around the statute of limitations that bars their claims. We will affirm the district court's dismissal of their claims.
 
 V.
 
 28
 For the foregoing reasons we will affirm the district court's dismissal of the claims of Cocchi and Beddingfield and its order striking the motion to intervene of Dick and Zyskowski.
 
 
 
 *
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Judicial Circuit, sitting by designation
 
 
 [1]
 The protestors also asserted various other claims that the district court dismissed
 
 
 [2]
 Pa.R.Civ.P. 1701(a) defines a class action as, "[A]ny action brought by or against parties as representatives of a class until the court by order refuses to certify it as such or revokes a prior certification under these rules." The 1977 Explanatory Note to the rule states that this definition becomes important in determining the effect of the commencement of a class action because it "carries into effect the decision [of American Pipe, holding that] the commencement of an action as a class action suspends the applicable statute of limitations during the interim period from commencement until refusal to certify as to all putative members of the class...."
 
 
 [3]
 Because the district court did not address this argument in the opinion below, plaintiffs ask us to remand for consideration of the question. We note, however, that the general rule that a federal appellate court does not consider an issue not passed upon below is one of discretion rather than jurisdiction. Selected Risks Ins. Co. v. Bruno, 718 F.2d 67, 69 (3d Cir.1983). We exercise that discretion here, noting that we may affirm the district court on any basis. See, e.g., Felix v. Virgin Islands Government, 702 F.2d 54, 57 (3d Cir.1983) (citing Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir.), cert. denied, 449 U.S. 870, 101 S.Ct. 208, 66 L.Ed.2d 90 (1980))
 
 
 [4]
 This provision, added in 1991, was intended to make clear "that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law" of the jurisdiction that provides the statute of limitations. 3 James W. Moore et al., Moore's Federal Practice p 15.15[3.-1] (2d ed. 1995) (quoting 1991 Advisory Committee Note). According to the Advisory Committee Note, if the law providing the limitation "affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." Pennsylvania does not provide a "more forgiving principle of relation back" than does federal practice. See Aivazoglou v. Drever Furnaces, 418 Pa.Super. 111, 613 A.2d 595, 599 (1992) (adhering to the "well established rule that new parties cannot be introduced into a suit by amendment following expiration of the period of the statute of limitations"). Accordingly, this subparagraph does not save appellants' case
 
 
 [5]
 Under Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the question of relation back is procedural and therefore properly analyzed according to federal practice. 3 J. Moore, supra, p 15.15
 
 
 [6]
 In Varlack, we held that replacement of a "John Doe" caption with a party's real name amounted to "changing a party," warranting application of Rule 15(c). Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 174 (3d Cir.1977)
 
 
 [7]
 The Committee Note to the 1966 Amendment to the rule advises,
 The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier [than that of amendments changing defendants]. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.
 
 
 [8]
 This is not a case where plaintiffs merely sought to substitute a real party in interest. See Staren v. American Nat. Bank & Trust Co., 529 F.2d 1257, 1263 (7th Cir.1976) ("The substitution of such parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based."); 6A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 1501 (1990) (citing cases permitting amendments that substitute new plaintiffs to relate back if the added plaintiffs are real parties in interest). The Advisory Committee Note to the 1966 Amendment to Rule 15 noted the relevance of Rule 17(a), authorizing substitution of real parties in interest, to Rule 15(c). But the Committee Note to the 1966 Amendment to Rule 17(a) cautioned that the provision permitting substitution of plaintiffs should not be "misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Neither condition is met here