Nilda **GUTIERREZ**, Linda Morgan, Wayne Brown and Krista Marshall, Plaintiffs,

v.

**JOHNSON & JOHNSON**, Defendant.

Civ. No. 01–5302(WHW).

United States District Court, D. New Jersey.

April 11, 2005.

Bennet Dann Zurofsky, Reitman Parsonnet, Newark, NJ, for Plaintiffs.

Francis X. Dee, McElroy, Deutsch, Mulvaney and Carpenter LLP, Newark, NJ, Theodore V. Wells, Jr., Paul, Weiss, Rifkind, Wharton & Garrison, LLP, New York, NY, for Defendant.

## OPINION

WALLS, District Judge.

Defendant Johnson & Johnson ("J & J") appeals Special Master Politan's ("Judge Politan") December 8, 2004 decision granting plaintiffs leave to amend their complaint to extend the proposed class period back two years to November 15, 1997. The Court heard oral arguments on this appeal on April 11, 2005. Defendant's motion is denied.

### Facts and Procedural History

Plaintiffs filed this class action in November 2001, seeking to certify a class of approximately 8,000 current and former African–American and Hispanic employees of J & J who allegedly suffered discrimination in compensation and promotion. The original putative class was defined as:

> all persons of African and/or Hispanic descent employed by Defendant J & J in permanent salaried positions (exempt and non-exempt) in the United States at any time from November 15, 1999[.]

In August 2004, plaintiffs sought leave to amend their complaint. Among other things, plaintiffs sought to expand the putative class period by two years to begin from November 15, 1997 for all its 42 U.S.C. § 1981 claims based on the Supreme Court's decision in *Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004), which extended the statute of limitations for certain § 1981 claims to four years. When plaintiffs filed this suit in 2001, the accepted period of limitations for § 1981 claims in the Third Circuit was two years.

*See Zubi v. AT & T Corp.*, 219 F.3d 220 (3d Cir.2000). Based on *Jones*, Judge Politan allowed plaintiffs to expand the putative class period by two years. Although claims arising from 1997 to 1999 would not be timely today even under the 4–year statute of limitation, Judge Politan found that these claims "related back" to the original claims under Fed.R.Civ.P. 15(c)(2).

The parties have engaged in substantial discovery since 2001 based on the understanding that plaintiffs' claims only extend to actions taken after November 1999. However, because plaintiffs seek to prove a "pattern and practice" of discrimination at J & J, many of their discovery requests sought documents relevant to periods before the beginning of the proposed class period.

### Legal Standard

■ The Federal Magistrates Act provides two separate standards of judicial review: (1) "de novo" for magistrate resolution of dispositive matters, *see* 28 U.S.C. § 636(b)(1)(B)-(C), and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); Rule 72.1(a) of the Local Rules of the United States District Court for the District of New Jersey; *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 (3d Cir.1986). "Motions to amend are usually considered non-dispositive motions" and are reversed if the magistrate's decision is "clearly erroneous or contrary to the law." *Thomas v. Ford Motor Co.*, 137 F.Supp.2d 575, 579 (D.N.J.2001).

■ A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lo Bosco v. Kure Engineering Ltd.*, 891 F.Supp. 1035, 1037 (D.N.J.1995) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

■ The Third Circuit has interpreted this to mean that the appellate court must accept the factual determination of the fact finder unless that determination "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir.1992)(quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir.1972)).

Pursuant to a consent order dated July 19, 2002, Special Master Politan has the "authority equivalent to that of a magistrate judge."

### Discussion

■ Under Rule 15, an amendment "relates back" if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, ..." Fed.R.Civ.P. 15(c)(2). In the Third Circuit, the "critical element" is whether the defendant was on notice of the possibility of subsequent amendments at the time of the original filing. *See Pickens v. Intercommunity Agency, Inc.*, 1997 WL 727604, *8 (E.D.Pa. Nov.21, 1997).

J & J argues that it was not on notice that plaintiffs' claims could extend back to 1997, and based on the Third Circuit law at the time, it is entitled to repose regarding any earlier claims. Plaintiffs argue that potential class members should not be punished by the Third Circuit's erroneous interpretation of the law, and that J & J will not be unduly burdened by the amendment because much of the discovery done so far already encompasses the 1997–1999 time period, the trial is still several years away, and adding additional plaintiffs to this already large class action will not significantly alter the course of the litigation.

Judge Politan found that the amendment did relate back because J & J was on notice, from the time the original complaint was filed, that its conduct dating back to 1997 was at issue in this suit. Plaintiffs alleged a "pattern and practice" of discrimination at J & J, and although they could only bring claims for conduct occurring within the 2–year statute of limitations at the time, they sought discovery regarding conduct from the earlier period in order to prove a pattern. Plaintiffs' original pleadings contain several

allegations of discriminatory conduct that occurred in 1997. *See Plaintiffs' Brief* at p. 12. Judge Politan found that J & J was on notice that its conduct from this period was at issue, and that plaintiffs' proposed amendment only expands the class to include J & J employment practices in a broader time frame.

J & J had relied on *Nelson v. County of Allegheny,* 60 F.3d 1010 (3d Cir.1995), where the Third Circuit denied plaintiffs' motion to amend a complaint to add new plaintiffs after the statute of limitations had run. However, *Nelson* focused on the fact that those plaintiffs had no excuse for waiting so long to file their amendment. In this case, plaintiffs did not sit on their rights. The Supreme Court's decision in *Jones* effected a major change of law and plaintiffs filed their motion to amend within a few months of this change. Judge Politan found this situation more in line with the Third Circuit's decision in *EEOC v. Westinghouse Electric Corp.,* 869 F.2d 696 (3d Cir.1989), *rev'd on other grounds,* where it held that amended pleadings did relate back where they "raised no additional substantive claims."

J & J also argues that plaintiffs' proposed amendment violates Rule 15(c)(3), which sets forth the requirements for amendments that add new parties to a litigation. Rule 15(c)(3) states that new parties may be added only if the defendant (a) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Judge Politan had already found that J & J was on notice that its actions from 1997 to 1999 were at issue in the case. Judge Politan then ruled that the "mistake" in this case was in the law. Since the Supreme Court found in *Jones* that the Third Circuit had erroneously limited the statute of limitations on some § 1981 claims to two years, the plaintiffs "acted with due diligence" with respect to the addition of new plaintiffs.

■ A plain reading of Rule 15(c)(3) does permit the joinder of additional parties due to a mistake of law. However, Third Circuit

case law has "adjusted" the role of Rule 15(c)(3) in a number of ways. First, the rule refers only to the joinder or substitution of **defendants,** but in *Nelson,* 60 F.3d at 1014, the Third Circuit held that the rule would apply to the substitution of plaintiffs as well. The *Nelson* court noted, however, that joinder of plaintiffs was not usually as problematic as the joinder of defendants. The *Nelson* court also dropped "concerning the identity" from the "mistake concerning the identify" prong of Rule 15(c)(3) and focused on whether the failure to include the new plaintiffs was due to mistake generally. In *Nelson,* the Circuit found that the plaintiffs had "sat on their rights" and cited an Advisory Committee Note on the substitution of parties stating that substitution was reserved for situations where an "understandable mistake has been made." It does appear that the holding in *Nelson* was based on a determination that those plaintiffs had no good faith explanation for their failure to amend their pleading earlier.

Other courts that have allowed amendments to class definitions after the statute of limitations has run have either ignored Rule 15(c)(3) or found it inapplicable. *See Westinghouse,* 869 F.2d 696 (3d Cir.1989) (allowing amendment that expanded class size because it arose out of the same factual scenario); *Immigrant Assistance Project of the L.A. Cty. Fed. of Labor v. INS,* 306 F.3d 842 (9th Cir.2002) (amendment of class to add new claimants with similar claims allowed because of similarity of claims and no prejudice to defendants). Plaintiffs have not cited any case where Rule 15(c)(3) barred amendment of a claim that otherwise "related back" to the original claim. In *In re Bausch & Lomb Securities Lit.,* 941 F.Supp. 1352 (W.D.N.Y.1996), the court held that an amendment expanding the class period was in effect an amendment to add new plaintiffs, but ultimately denied the amendment because those plaintiffs' claims arose from different factual circumstances.

■ Although there is no clear case law establishing Judge Politan's ruling that Rule 15(c)(3) is satisfied as long as failure to include the new plaintiffs initially was due to a

"mistake" of any kind, his ruling was not clearly erroneous. The Third Circuit has taken a general fairness approach to the application of Rule 15(c), and Judge Politan made a reasonable application of Third Circuit case law to the facts of this case.

The Court finds that Judge Politan's ruling that plaintiffs' proposed amendments relate back to their original filing was not clearly erroneous.

It is on this 11th day of April, 2005:

ORDERED that Special Master Politan's decision granting plaintiffs leave to amend their complaint is AFFIRMED.