**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3249
_____

MARK LEYSE, individually and on behalf
of all others similarly situated,
Appellant

v.

BANK OF AMERICA, NATIONAL ASSOCIATION

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-11-cv-07128)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Under Third Circuit LAR 34.1(a)
March 21, 2013

BEFORE:  McKEE, *Chief Judge*, SMITH and GREENAWAY, Jr., *Circuit Judges*.

(Filed: April 24, 2013)
_____

OPINION
_____

McKEE, *Chief Judge*.

Mark Leyse appeals the District Court's dismissal of his Complaint against Bank

of America ("BoA"), in which he alleged a violation of the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(B).  For the reasons that follow, we will

affirm.[1]

## I.

As we write only for the parties who are familiar with this case, we will recite only

the facts and procedural history relevant to our conclusion.

On March 11, 2005,  DialAmericaMarketing, Inc. ("DialAmerica"), on behalf of

BoA, made a call with a prerecorded message to Leyse's residential telephone line, which

it associated with Leyse's roommate, Genevieve Dutriaux.  Prior to filing this action,

Leyse had filed a TCPA action based on this same call in the Western District of North

Carolina.  BoA successfully moved to transfer the case to the Southern District of New

York ("SDNY"), which dismissed the suit.  *Leyse v. Bank of Am., N.A.*, 09 Civ. 7654,

2010 U.S. Dist. LEXIS 58461, at *16 (S.D.N.Y. June 14, 2010).  The SDNY concluded

that Leyse was not the "called party," and therefore, lacked standing to seek statutory

damages under the TCPA.  *Id.* at *15-16.  Bluebook R3.2(a).  On February 8, 2011, the

Court of Appeals for the Second Circuit summarily affirmed the SDNY's ruling.

The District Court ruled that Leyse's Complaint in this action is barred by the

doctrine of collateral estoppel.  Collateral estoppel precludes relitigation of issues decided

in a prior action.  *Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency*, 126 F.3d 461,

---

[1]  The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1332(d)(2)(A).
We have appellate jurisdiction under 28 U.S.C. § 1291.  We review *de novo* the District
Court's application of defensive collateral estoppel, *Jean Alexander Cosmetics, Inc. v.
L'Oreal USA, Inc.*, 458 F.3d 244, 248 (3d Cir. 2006), and statutes of limitations, *Nelson
v. Cnty. of Allegheny*, 60 F.3d 1010, 1012 (3d Cir. 1995).

474 (3d Cir. 1997). Dismissal under the doctrine of collateral estoppel is appropriate where: "'(1) the issue sought to be precluded [is] the same as that involved in the prior action, (2) the issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.'" *Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 288 F.3d 519, 525 (3d Cir. 2002) (alterations in original) (quoting *Burlington N. R.R. Co. v. Hyundai Merchant Marine*, 63 F.3d 1227, 1231-32 (3d Cir. 1995)).

Leyse contends that he is not precluded from bringing this action because the Second Circuit affirmed the SDNY's dismissal in response to BoA's motion to dismiss, which was based on lack of subject matter jurisdiction under New York law. Thus, he claims that the affirmance was *not* based on the merits of the SDNY's decision. We disagree.

Although the Second Circuit affirmed in response to BoA's motion to dismiss, it nonetheless summarily affirmed the SDNY's order. Nothing in the Second Circuit's summary affirmance leads us to believe, as Leyse contends, that that court adopted BoA's position in its motion to dismiss and displaced the SDNY's ruling. The Second Circuit's summary affirmance leaves the SDNY's order undisturbed as a final and valid judgment.

The facts of this case are clearly distinguishable from cases in which the appellate court made clear that it was setting aside or declining to rule on specific conclusions reached by the district court. *Cf. Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009) ("[I]f the appellate court terminates the case by final rulings as to some matters only, preclusion

3

is limited to the matters actually resolved by the appellate court." (quoting 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4432 (2d ed. 2002) (internal quotation marks omitted)). Here, the Second Circuit's summary affirmance neither displaced nor communicated a decision not to address the SDNY's ruling that Leyse lacked standing to assert the TCPA claims in his complaint. Accordingly, Leyse is bound by that ruling.

We therefore affirm the District Court's ruling that Leyse's Complaint is barred by the doctrine of collateral estoppel.[2]

## II.

For the reasons set forth above, we will affirm the Order of the District Court dismissing Leyse's Complaint.

---

[2] The District Court also ruled that Leyse's claim is untimely. Because we will affirm on collateral estoppel grounds, we need not reach the issue of whether Leyse's claim is also time-barred.