NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3179
_____

LOUISE M. WILLIAMS;
ELIE FEUERWERKER,
Individually and on behalf of others similarly situated,

Appellants

v.

BOROUGH OF HIGHLAND PARK
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-15-cv-06879)
District Judge: Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 10, 2017

Before: HARDIMAN and KRAUSE, *Circuit Judges*, and STENGEL, *Chief District Judge*.[*]

(Filed: September 11, 2017)

---

[*] The Honorable Lawrence F. Stengel, United States District Court for the Eastern District of Pennsylvania, sitting by designation. The Honorable Lawrence F. Stengel assumed Chief Judge status on August 1, 2017.

_____

OPINION**
_____

STENGEL, *Chief District Judge*.

Louise Williams and Elie Feuerwerker appeal the District Court's dismissal of their Fourteenth Amendment due process claims, brought pursuant to 42 U.S.C. § 1983, against the Borough of Highland Park, New Jersey. Williams and Feuerwerker sued the Borough for financial injuries stemming from the Borough's passage and enforcement of an ordinance requiring residents to maintain their sidewalks in good repair. The District Court dismissed their due process claims as time-barred. We will affirm.

**I       Background**

In March 2012, the Borough passed an ordinance that required owners or occupants of land in the Borough to maintain sidewalks and curbing abutting that land in an effort to improve safety.[1] Pursuant to the ordinance, if a land owner or occupant failed to replace the sidewalk or curb, written notice would be provided stating that maintenance or repairs were to be performed within thirty days of the date of the notice. A summons would issue for a violation. Upon failure to comply, the Borough would

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because this case is an appeal from dismissal under Fed. R. Civ. P. 12(b)(6), we accept the allegations in the complaint as true and draw all reasonable inferences therefrom in the light most favorable to Williams and Feuerwerker, the non-moving parties. *See Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987). Accordingly, the recitation of facts is taken from the complaint and its supporting documents.

perform the work and place a lien on the land abutting any replaced sidewalks, resulting in a fine to the owner or occupant, who would also be responsible for the cost of replacing the sidewalks.

In May and June 2012, following an inspection of sidewalks throughout the Borough, the Director of Code Enforcement sent out notices to residents whose sidewalks were deemed unsafe and in violation of the ordinance, and advised them that they would have sixty days to obtain a zoning permit for repairs. The notices also informed these residents that failure to make repairs would result in a summons being issued. Appellants were among the residents receiving these notices.[2] In June 2014, a summons was issued to Williams, resulting in fines and court costs. Williams ultimately paid a contractor to replace her sidewalk.

In July 2012, the Borough Mayor, in response to complaints about the ordinance and the notices, sent residents a letter describing two alternatives for compliance: residents could pay a contractor directly to perform the repairs, or they could enroll in the

---

[2] The notice read as follows:

> Your public sidewalk was inspected today and found to be in an unsafe condition. You have 60 days to obtain a Zoning Permit and to repair the public sidewalk. Sidewalk slabs may [ ]be lifted and reset or poured, leveling agents will not be allowed. Failure to make the required repairs will result in summons to be issued. We appreciate your cooperation in helping to keep Highland Park a safe place to live.

App. 191. The notice referenced the ordinance immediately below the above-quoted text.

Borough Sidewalk Improvement Program through which the Borough would make payments to a contractor and the resident would then repay the Borough. Residents who enrolled in the program would not have to obtain a zoning permit and the sixty-day deadline for repairs would be waived. The property owner would receive a notice of the cost to replace the sidewalk and would later receive a bill that could be paid in full or in five equal installments. The Borough would place a lien on the property until the bill was fully paid. Feuerwerker signed up for the Borough's program in 2012.

In 2014, a group of Borough residents filed a lawsuit over the ordinance in state court and sought a preliminary injunction against its enforcement, which was granted in September 2014. On November 12, 2014, the Borough amended the ordinance and adopted a six-month moratorium on its enforcement.

In June 2015, the Borough issued invoices to residents, including Feuerwerker, whose sidewalks were repaired or replaced through the program. Feuerwerker made at least one installment payment to the Borough as part of the program.

Williams and Feuerwerker filed suit in district court, asserting claims pursuant to 42 U.S.C. § 1983 for violations of their Fourteenth Amendment due process rights, as well as two state law claims. The district court granted the Borough's motion to dismiss on the ground that the § 1983 claims were time-barred because they were outside the two-year statute of limitations, and declined to exercise supplemental jurisdiction over the state law claims.

II      **Jurisdiction and Standard of Review**

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(6). *Merle v. United States*, 351 F.3d 92, 94 (3d Cir. 2003). In reviewing dismissal on statute of limitations grounds, we exercise plenary review "to determine whether the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Algrant v. Evergreen Valley Nurseries Ltd. P'ship*, 126 F.3d 178, 181 (3d Cir. 1997) (citations and quotation marks omitted). We review de novo a district court's determination of the applicable statute of limitations under state law. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991); *Nelson v. Cty. of Allegheny*, 60 F.3d 1010, 1012 (3d. Cir. 1995).

## III    Discussion

Williams and Feuerwerker raise three principal arguments on appeal: (1) the district court erred in finding that their § 1983 due process claims were time-barred; (2) the district erred in finding that the Borough's conduct was not a continuing wrong; and (3) equitable tolling should apply to their claims. We address each argument in turn.

### A.  Statute of Limitations

"In determining the length of the statute of limitations for a claim arising under § 1983, courts must apply the limitations period applicable to personal-injury torts in the State in which the cause of action arose." *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). A two-year statute of limitations applies to personal injury claims in New Jersey.

5

*Id.* (citing N.J. Stat. Ann. § 2A:14–2). Williams and Feuerwerker filed their complaint on September 16, 2015. Their claims, therefore, must not have accrued earlier than September 16, 2013.

"The date of accrual of a § 1983 claim is a matter of federal law." *Id.* at 860 (citing *Wallace*, 549 U.S. at 388). "Accrual is the occurrence of damages caused by a wrongful act—'when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" *Dique v. N. J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quoting *Wallace*, 549 U.S. at 388) (internal quotation marks omitted). "As the Court in *Wallace* explained, 'the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages.'" *Id.* at 185–86 (quoting *Wallace*, 549 U.S. at 391) (internal quotation marks omitted). In other words, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Genty v. Resolution Tr. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).

Applying these principles, we agree with the District Court that the appellants' claims accrued when they received notices from the Borough, in either May or June 2012, informing them that their sidewalks were not in compliance with the ordinance and that they had to obtain permits and replace their sidewalks to avoid receiving summonses.[3] The appellants' arguments to the contrary are not persuasive.

---

[3] Appellants originally raised both a facial challenge and an as-applied challenge to the ordinance. As noted by the District Court, however, the appellants did not address

The appellants first argue that Williams's claim did not accrue until June 2014, "when the Borough applied the Ordinance to her by issuing a summons and compelling her to fix her sidewalk and pay fines and court costs." Appellants' Br. 13. But Williams had already been negatively affected by the ordinance in 2012, when she was given official notice that her sidewalks were not in compliance with the ordinance and that she was obligated to repair or replace them to avoid adverse consequences. The same is true of the appellants' argument that Feuerwerker's claim did not accrue until he received a demand for payment pursuant to the Borough's program in September 2015, because he too was given official notice in 2012 that he would be obligated to repair or replace his sidewalks.

The appellants next argue that the 2014 summons to Williams and the 2015 invoice to Feuerwerker were "the only definitive actions taken on the part of the Borough" that would have provided knowledge of their injuries. Appellants' Br. 14. This characterization is simply not correct. The appellants knew of the injury forming the basis of their due process claims when they received the 2012 notices from the Borough, and they could have brought their "as applied" claims challenging the ordinance on vagueness grounds when they received those notices. Because the claims accrued at the latest in

---

their facial challenge to the ordinance in their opposition to the Borough's motion to dismiss. Consequently, we consider here only whether the ordinance was unconstitutional as applied.

7

June 2012, the statute of limitations ran out in June 2014. As Williams and Feuerwerker did not file the complaint in this case until September 2015, the claims are time-barred.

### B. The Continuing Wrong Doctrine

The appellants next argue that, even if the statute of limitations began to run when the notices were issued in 2012, their claims are nonetheless timely because the Borough's conduct constitutes a continuing violation.

"[W]hen a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991); *see also Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001). "To allege a continuing violation, the plaintiff must show that all acts which constitute the claim are part of the same unlawful . . . practice and that at least one act falls within the applicable limitations period." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165–66 (3d Cir. 2013) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002)).

According to the appellants, the Borough's issuance of summonses and invoices in 2014 and 2015 constituted separate events which reset the statute of limitations on their claims stemming from receipt of the 2012 notices. This argument misses the distinction between "continual unlawful acts" and "continual ill effects from an original violation." *Cowell*, 263 F.3d at 293 (citation omitted); *see also Brenner*, 927 F.2d at 1296 (observing

8

that "'[t]he proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful.'" (alteration in original) (quoting *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980)). Williams and Feuerwerker were aware of the consequences of the ordinance as applied to them when they received the 2012 notices. They should, therefore, have brought their § 1983 claims within the applicable limitations period instead of waiting until after they experienced additional consequences for failing to respond to the notice or being billed for participation in the program. As we have previously observed, "the continuing violations doctrine should not provide a means for relieving plaintiffs from their duty to exercise reasonable diligence in pursuing their claims." *Cowell*, 263 F.3d at 295. For these reasons, the continuing violations doctrine does not apply to the appellants' claims.

## C. **Equitable Tolling**

Lastly, the appellants argue—for the first time—that equitable tolling should apply to their claims. Failure to raise an issue in the district court, however, means that it was forfeited. *United States v. Andrews*, 681 F.3d 509, 517 (3d Cir. 2012). "'We only depart from this rule when manifest injustice would result from a failure to consider a novel issue.'" *Metro. Edison Co. v. Pa. Pub. Util. Comm'n*, 767 F.3d 335, 352 (3d Cir. 2014) (quoting *Gass v. V.I. Tel. Corp.*, 311 F.3d 237, 246 (3d Cir. 2002)). While "it is within our discretion to consider an issue that the parties did not raise below," *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 249 (3d Cir. 2013) (citing *Bagot v. Ashcroft*,

398 F.3d 252, 256 (3d Cir. 2005)), consideration of the appellants' forfeited equitable tolling argument is not warranted here.

*       *       *

For the reasons stated, we will affirm the judgment of the District Court.