409 A.2d 347

**Carl ALESSANDRO, Sr., Individually and on behalf of the class he represents, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation.**

Supreme Court of Pennsylvania.

Argued Sept. 24, 1979.

Decided Dec. 21, 1979.

Michael P. Malakoff, Louise Reiber Malakoff, Berger, Kapetan, Malakoff & Meyers, Pittsburgh, for appellants.

George M. Weis, Weis & Weis, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This appeal presents two issues regarding class actions. First, we are asked to decide whether a trial court order partially decertifying a class is, for the decertified party, a final judgment. We hold that the order was final with respect to the decertified appellant. Because he brought no appeal within 30 days of the trial court's order, appellant's challenge to the partial decertification is not properly before this Court. The second issue is whether the Superior Court properly vacated judgments in favor of four class members solely on the ground that appellant, the named class representative, had been decertified. We hold that the Superior Court erred in vacating the judgments. Accordingly, we reverse that portion of the order which reversed the trial court judgments in favor of four class members and we direct reinstatement of the judgments in favor of those parties.

While riding a mini bike, the son of appellant, Carl Alessandro, was struck by a car driven by an uninsured motorist. After an arbitration proceeding, appellant was awarded $5,000 under the provisions of his uninsured motorist coverage. Appellee, State Farm, presented appellant a check for $5,000 in satisfaction of the award and sought a release and discharge from all other claims arising from the accident. Appellant did not accept payment, claiming that his insur-

ance policy provided for the insurer's payment of medical bills in addition to any arbitration award. State Farm refused to pay this additional claim.

Appellant then filed a complaint on behalf of himself and a class of persons similarly situated, challenging the practice of setting off medical payments from an arbitration award.[1] The trial court overruled State Farm's preliminary objections challenging the basis of the class.[2] Following State Farm's answer, appellant requested the names of other potential class members.[3] The trial court sustained State Farm's objections to this request and ordered the entire class decertified. Appellant filed a petition for reconsideration of the order. After argument, the trial court vacated the order and reinstated the class action.[4]

1. Appellant claimed that the set-off diluted his uninsured motorist coverage in violation of 40 P.S. § 2000, the statute governing uninsured motorist insurance protection.

2. State Farm challenged the propriety of maintaining this proceeding as a class action under former Rule 2230(a) which provided that:
   "If persons constituting a class are so numerous as to make it impracticable to join all as parties, any one or more of them who will adequately represent the interest of all may sue or be sued on behalf of all, but the judgment entered in such action shall not impose personal liability upon anyone not a party thereto."
   State Farm claimed: that the class failed to meet the numerosity requirement, that appellant would not adequately represent the class, that the appellant's claim was for money damages so an adequate remedy existed at law and finally that the claims of unnamed class members presented unrelated factual situations rather than common questions. The trial court rejected each of these contentions and denied State Farm's motion to dismiss.

3. State Farm's answer raised as new matter that appellant had accepted the $5,000 in satisfaction of his claim. State Farm also alleged as a new basis for denying medical payments that appellant's son was injured while riding on a vehicle not owned by appellant and therefore not within the policy coverage.

4. The trial court explained its reinstatement of the class action:
   "The acceptance and cashing of the post-complaint $5,000 check by the individual class representative does not make the claims of the other members of the class which plaintiff purports to represent moot, and consequently, it is our considered judgment that, in the circumstances of this case where many members of the class would be prejudiced by the bar of the statute of limitations if this class action was bumped to the status of an ordinary suit in assumpsit, this case should continue as a class action."

Upon State Farm's subsequent motion for partial decertification, the trial court limited the class to persons who had obtained arbitration awards of $10,000 or more. Appellant thus was precluded from recovering in this action. The trial court, however, permitted appellant to continue as the named representative of the class.

Nine class members remained after partial decertification.[5] These individuals were notified of the action by mail as required by former Pa.R.C.P. 2230.[6] After stipulation of the facts, both parties moved for summary judgment. The trial court granted summary judgment in favor of four class members. Summary judgment was granted in favor of State Farm with respect to the other five, from which no appeal was taken.

On appeal to the Superior Court, appellant contended that the trial court's partial decertification of the class was erroneous. State Farm cross-appealed from each of the judgments in favor of the four successful class members. The Superior Court held that the decertification order was final and that appellant's failure to appeal within 30 days resulted in a waiver of the claim.[7] On the four appeals brought by State Farm, the Superior Court vacated the judgments, holding that appellant was unable to represent the class adequately after decertification. *Alessandro v. State Farm Mutual Automobile Ins. Co.*, 259 Pa.Super. 571,

McLean, J., opinion at No. 3642 July Term, 1972.

**5.** The record indicates that ten persons were members of the class. It remains unclear why one member, Diane Hughey Adams, was dropped from the litigation. We note that appellee has not challenged the propriety of maintaining a class action on behalf of nine individuals.

**6.** Class actions are now governed by Pa.R.C.P. 1701 et seq., effective September 1, 1977.

**7.** See Pa.R.A.P. 903(a):
"General rule. Except as otherwise prescribed by the rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."

393 A.2d 973 (1978) (Price, J., dissenting, with three judges not participating). We granted allocatur.

## I

■ When appellant was decertified, the trial court's order was final and ripe for appeal. The order put appellant "out of court," and terminated the litigation for him. See *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975). Appellant's failure to timely appeal the decertification resulted in waiver of his right to appeal. We therefore affirm that portion of the order of the Superior Court which held that appellant's appeal from the partial decertification order was untimely.

■ This question is analogous to cases involving the joinder of parties. Rules of joinder, like those involving class actions, promote judicial economy by litigating common questions involving multiple parties in a single action.[8] If one of the joined parties is dismissed from the action, the litigation is at an end for that litigant. Failure to appeal timely from the dismissal results in a waiver of that claim.[9]

**8.** Class actions were formerly within the legislative provisions titled "Joinder of Parties." Commentary suggested that "the class action device is only a joinder device under the designated special circumstances, namely where conventional joinder is unavailable." 7 Goodrich-Amram 2d § 2230(a): 3.6 (1977). See also, Delle Donne and Van Horn, *Pennsylvania Class Actions: The Future in Light of Recent Restrictions on Federal Access*, 78 Dick.L.Rev. 460, 509–11 (1974), where the authors analogize decertification to misjoinder for purposes of appealability.

**9.** See *Love v. Temple University*, 422 Pa. 30, 220 A.2d 838 (1966). See generally, 7 Goodrich-Amram § 2230(a) 3.6, n.75 (1977). Unlike a case where parties are joined, all members of a class action are "parties plaintiff" upon the filing of the complaint. When the defendant successfully moves for decertification, the decertified parties are "put out of court" as to the class action. This order is final, *Lee v. Child Care Services*, 461 Pa. 641, 337 A.2d 586 (1975), and the decertified class members may then pursue their actions on an individual basis. They will not be time barred by the statute of limitations, as it is suspended during the time they are allegedly parties to the class action. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

Appellant, in challenging the Superior Court's holding that he waived appeal on the issue of partial decertification, suggests that we draw upon the federal decisions restricting the appealability of class certification decisions. See e. g., *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978). This Court in *Bell*, however, when presented the opportunity to adopt a similar position, refused to so hold. Rather, we permit a final adjudication on the question of class membership prior to trial on the merits. Appellant also suggests that *Bell* applies only when the trial court completely dismisses the entire class. We disagree. The consideration in *Bell* with respect to finality is equally applicable here.[10] It is the effect of the order which must be considered when determining finality. Cf. *Pa. Social Services Local 668 v. P.L.R.B.*, 481 Pa. 81, 392 A.2d 256 (1978) (administrative dismissal final because it effectively foreclosed Union from relief under Act 195); *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 383 A.2d 791 (1977) (order sustaining preliminary objections, dismissing complaint held final); *Commonwealth v. Wheeling-Pittsburgh Steel Co.*, 473 Pa. 432, 375 A.2d 320 (1977) (order precluding presentations of affirmative defense held final); *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977) (dismissal of plaintiff's case final even though defendant's counter-claim yet to be tried);

**10.** This Court, of course, does not imply that every order modifying the class is appealable. Rather, appealable orders are those which deny a party the right to continue the litigation. An order merely modifying the relative status of class members would be interlocutory. For example, an order denying a representative plaintiff's right to represent the class, but permitting that party to continue as an unnamed class member, is not an immediately appealable order. See also, *Brandywine Area Joint School Authority v. Van Cor, Inc.*, 426 Pa. 448, 233 A.2d 240 (1967).

Considerations of promoting judicial economy and avoiding piecemeal litigation also pertain to today's decision. An immediate appeal from the denial or partial denial of class status avoids repetitious litigation which results when class members bring actions individually. See *Bell*, 465 Pa. at 231–32, 348 A.2d at 737. See also, Wright, *Class Actions*, 47 F.R.D. 169 (1970).

*Goldman v. McShain*, 432 Pa. 61, 247 A.2d 455 (1967) (order transferring case from equity to law side held final).

■ Appellant also contends that the Superior Court decision contravenes our previous decisions in *Piltzer v. Independence Federal Savings and Loan Ass'n*, 456 Pa. 402, 319 A.2d 677 (1974) and *Pincus v. Mutual Assurance Co.*, 457 Pa. 94, 321 A.2d 906 (1974). We disagree. Those decisions held that a defendant in a class action was not permitted to challenge the order certifying a class immediately. This principle is unrelated to the question here. Although appellant suggests that *Piltzer* precludes appeal where a class action is permitted to continue, the true effect of those decisions is to bar a defendant from piecemeal attacks on the class nature of the action. "An order is interlocutory and not final unless it effectively puts the defendant 'out of court.'" *Piltzer*, supra, 456 Pa. at 404, 319 A.2d at 678 quoting *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 463, 246 A.2d 353, 355 (1968); see also 7 Goodrich-Amram 2d § 2230(a): 3.7 (1977).

## II

Appellant also contends that the Superior Court erred in vacating the judgments in favor of four named class members. The Superior Court did so on the ground that the class action lacked a "proper" representative. We are of the view that, in this case, this is not an appropriate basis for disturbing the judgments.

■ This is not a case where class members are objecting to appellant's representation. Rather, it is appellee, the defendant in the proceeding, who claims that the class action was not "properly" represented. Appellee fails to demonstrate that appellant's representation here in any respect affected the subject-matter jurisdiction of the court entering judgments. Nor has appellee shown that appellant's representation affected appellee's ability to defend on the merits. There has been no showing, for example, that appellant presented a cause of action any different from

that which a "proper" representative would have brought, or that the amount of judgment would have been different if the class were "properly" represented.

Were we to approve the Superior Court's vacation of judgments on the ground of improper representation, we would be granting relief on a record devoid of prejudice to appellee. Our practice is otherwise. This Court has long declined to reverse judgments on grounds which in no respect impair the merits of the litigation. See e. g., *Minkin v. Minkin*, 336 Pa. 49, 7 A.2d 461 (1939) (appellate court will view caption as amended where no new cause of action will be introduced). See generally, 9 Standard Pennsylvania Practice Ch. 40 § 190 (rev. ed. 1962). Indeed, "[a] party will not be heard to complain of error which is favorable to himself or which is injurious only to the adverse party." Id., Ch. 40 § 45 at p. 357. Accordingly, it must be concluded that there is no basis here upon which to disturb the plaintiffs' judgments.[11]

11. The Superior Court expressed concern that the five unsuccessful members of the class would challenge the adequacy of appellant's representation, thereby subjecting State Farm to the burden of relitigating these claims while being bound by the decision in favor of the four successful plaintiffs. We believe that the Superior Court's concern is misplaced. The five unsuccessful individuals, notified of the judgments, have failed to appeal from the final judgment. Any claim they had regarding an objection to the continued representation by appellant following decertification was lost by their failure to appeal. Thus, we need not express an opinion as to the propriety of appellant's notification of the unnamed class members which suggested that appellant was still a member of the class following decertification.

In view of our disposition, we do not decide the propriety of appellant's representation. Thus, nothing in our holding today would prevent remaining class members from timely seeking another representative where, as here, the original representative is decertified. We note that under the new class action provisions the trial court is charged with the responsibility of determining the adequacy of counsel's representation when deciding the question of certification. See Pa.R.C.P. 1709. Rule 1709 now allows the court to monitor the ability of the named representative to discharge his fiduciary responsibilities with respect to the unnamed class members.

It should also be noted that there is no dispute concerning appellant's right to bring this appeal on behalf of the class. Cf. *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d

Accordingly, we reverse that portion of the Superior Court order which reversed the trial court and we direct the reinstatement of the trial court judgments in favor of the four class members.

Order of the Superior Court affirmed in No. 8 March Term, 1979. Order of the Superior Court reversed and the trial court judgments reinstated in Nos. 9, 10, 11 and 12 March Term, 1979.

MANDERINO, J., did not participate in the decision of this case.

444 (1976) (entertaining claim brought on behalf of class by representative whose individual claim is moot).