Tammy **NELSON** (J.D. # 10), **Arleigh Eddy** (J.D. # 17), **Ida Kaufman** (J.D. # 26), **Sandy Saunders** (J.D. # 47), **Donna Skuta** (J.D. # 52), **Plaintiffs,**

v.

**COUNTY OF ALLEGHENY, City of Pittsburgh, Charles Kozakiewicz, Warden of the County Jail, and Mayer DeRoy, Assistant Chief of the City Lock–Up, being sued in their official and individual capacities, Defendants.**

Civ. A. No. 91–0316.

United States District Court,
W.D. Pennsylvania.

Aug. 15, 1994.

See also 822 F.Supp. 297.

A. Lawrence Washburn, Jr., New York City, for plaintiffs.

Stacey F. Vernallis, Pittsburgh, PA, for County of Allegheny.

Susan E. Malie, Pittsburgh, PA, for City of Pittsburgh.

## *OPINION*

ZIEGLER, Chief Judge.

Pending before the court is the motion of defendants, County of Allegheny, City of Pittsburgh, Charles Kozakiewicz, and Mayer DeRoy, to dismiss in part plaintiffs' fourth amended complaint. Also pending is defendants' motion to strike the motion of Judy Dick and Valerie Zyskowski to intervene as party plaintiffs.

This civil action arises out of the allegedly unlawful treatment of anti-abortion demonstrators by employees of the County of Allegheny and City of Pittsburgh during and following their arrests on March 11, 1989. The action was originally brought as a class action by Amnesty America, in its representational capacity, on behalf of Jane Does Nos. 1 through 60, and by four individual Jane Does numbered 10, 17, 26 and 52 asserting

their individual claims. On December 10, 1991, plaintiffs filed a third amended complaint in which Jane Does 37 and 47 also joined. By previous orders of this court, Amnesty America has been dismissed as a representative of the class and certification has been denied. Moreover, all claims except those made pursuant to 42 U.S.C. § 1983 have been dismissed, and all anonymous Jane Does wishing to proceed with individual claims have been required to provide their identity to the defendants.

Plaintiffs' fourth amended complaint, which was filed March 17, 1994, lists as plaintiffs five of the six Jane Does who were named in the third amended complaint [1] and adds two more plaintiffs, Janet Cocchi (J.D. # 12) and Mary Beddingfield (J.D. # 7). In addition, Judy Dick (J.D. # 16) and Valerie Zyskowski (J.D. # 60), filed a joint motion to intervene as party plaintiffs on May 31, 1994.

Defendants have moved to dismiss the claims of Cocchi and Beddingfield and have also moved to strike the motion to intervene. Because we hold that the claims of Cocchi, Beddingfield, Dick and Zyskowski are untimely and are barred by the applicable statute of limitations, we will grant defendants' motions with respect to these claims. We will also require the remaining plaintiffs to amend their complaint to delete all class allegations as well as all claims which have been previously dismissed.

■ Although plaintiffs' § 1983 claims are federal law claims, it is settled that there is no federal statute of limitations applicable to § 1983 claims, and both the limitations period and the applicable tolling period, if any, must be derived from state law. *Chardon v. Fumero Soto*, 462 U.S. 650, 655, 103 S.Ct. 2611, 2615, 77 L.Ed.2d 74 (1983); 42 U.S.C. § 1983. We agree with the parties that Pennsylvania's two-year statute of limitations is applicable to plaintiffs' claims. 42 Pa. C.S.A. § 5524. Thus, absent a tolling period, the limitations period on all § 1983 claims arising out of the March 11, 1989 arrests would have run by March 11, 1991.

The instant dispute arises out of a rather nebulous area of the law, to-wit, the applica-

---

**1.** Jane Doe No. 37 has chosen to voluntarily    dismiss her claim.

tion of a tolling period to claims of putative class members. In *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the Supreme Court, applying federal law, held that the filing of a class action complaint tolled the limitations period for all putative class members. The *"American Pipe* rule" has been adopted, at least in principle, by the Pennsylvania courts. *Alessandro v. State Farm Mutual Ins. Co.*, 487 Pa. 274, 409 A.2d 347, 350, n. 9 (1979) (citing *American Pipe*); *see also,* the Explanatory Note to Pa.R.C.P. 1701 ("[Rule 1701] carries into effect the decision of the United States Supreme Court in [*American Pipe* ]") (brackets supplied). The parties are in agreement that the tolling period commenced on February 21, 1991 (eighteen days before the expiration of the limitations period), the date the original class action complaint was filed. However, the crux of the controversy emanates from the polar views of the parties regarding the length of the tolling period and the resultant effect on the statute of limitations.

The issue to be resolved is whether the tolling period terminates upon the filing of an order by the district court denying certification of a class of plaintiffs, or whether it continues to toll the limitations period until the appeal process on the certification issue has run its course. This issue has become the focal point of the parties because, on November 22, 1991, plaintiffs' motion to certify a plaintiff class was denied by this court as untimely pursuant to former Local Rule 34(c).[2]

The Supreme Court addressed the identical issue, albeit under federal law, in *American Pipe*. In that case, the State of Utah commenced a Sherman Act action in district court against the defendant construction company in which the State purported to represent a class of various state and local agencies. The class action complaint was filed eleven days before the expiration of the limitations period. Upon motion of the defendant, the district court ruled that the suit could not be maintained as a class action on

the basis that the class was not so numerous as to make joinder impracticable. Eight days after the order denying certification of a class, various state and local agencies moved to intervene in the action. The district court denied the motions and concluded that they were untimely.

The Court of Appeals reversed and the Supreme Court affirmed. A unanimous Court held that the filing of the class action complaint tolled the limitations period with regards to the claims of the putative class members attempting to intervene. In holding that the motions to intervene were timely, the Court ruled "that the commencement of the class action in this case suspended the running of the limitation period only during the pendency of the motion to strip the suit of its class action character." *Id.*, 414 U.S. at 561, 94 S.Ct. at 770. Thus, the Court held that the intervenors had eleven days after the entry of the order decertifying the class within which to intervene. The motions to intervene were timely because they were filed eight days after entry of the order. *Id.*

■ We hold that, pursuant to *American Pipe*, the tolling period merely suspended the running of the limitations period during the pendency of this class action, and upon decertification of the class, class members had only eighteen days to intervene or join in the action, or to bring separate actions. Thus, we hold that the claims of the two plaintiffs attempting to join the action by way of the fourth amended complaint, Cocchi and Beddingfield, and the two proposed intervenors, Dick and Zyskowski, are time-barred and they will be dismissed.

■ In reaching our conclusion, we are mindful of the central purposes underlying the application of limitations periods. As recognized by the Pennsylvania Supreme Court, limitations periods ensure that defendants are "protected against the prejudice of having to defend against stale claims, as well as the notion that, at some point, claims should be laid to rest so that security and stability can be restored to human affairs."

---

**2.** Former Local Rule 34(c) required that the class representatives move for certification within 90

days of the filing of the complaint.

*Cunningham v. Ins. Co. of North America,* 515 Pa. 486, 530 A.2d 407, 409 (1987). Furthermore, the Court of Appeals stated in *National Iranian Oil Co. v. Mapco International, Inc.,* 983 F.2d 485, 493 (3d Cir.1992) (citing *American Pipe*), that "the right [of defendants] to be free of ... stale claims must eventually prevail over the right to prosecute them." (brackets supplied).

We also take particular note of Justice Blackmun's concurring opinion in *American Pipe* in which he cautioned that the tolling period "must not be regarded as encouragement to lawyers in a case of this kind to frame their pleadings as a class action, intentionally, to attract and save members of the purported class who have slept on their rights." 414 U.S. at 561, 94 S.Ct. at 770. Likewise, in a concurring opinion to *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 354, 103 S.Ct. 2392, 2397, 76 L.Ed.2d 628 (1983), Justice Powell cited Justice Blackmun's concurring opinion in *American Pipe* and warned that "[t]he tolling rule of *American Pipe* is a generous one, inviting abuse." *See also, Cunningham,* 530 A.2d at 410 (recognizing the potential for abuse of the *American Pipe* rule).

■ In the instant action, Cocchi and Beddingfield did not attempt to join the action until the filing of the fourth amended complaint on March 17, 1994, over five years after their arrests and nearly two and one-half years after class certification was denied. Dick and Zyskowski filed their motion to intervene two and one-half months later. These individuals have provided no explanation for their late filings and we can only conclude that they have been significantly lax in asserting their rights. We will not encourage these plaintiffs or other class members to sit on their rights by extending the tolling period.

■ Plaintiffs urge the court to adopt the rule that the tolling period for the statute of limitations does not end until after all avenues of appeal on the certification issue have been exhausted. Moreover, plaintiffs contend that, upon conclusion of the tolling period, the limitations period is renewed so that putative class members have two years from the date of the final disposition on appeal to

file their claims. We decline to adopt such an expansive interpretation of the tolling period.

Applying the tolling period in the manner suggested by plaintiffs would run counter to the objectives underlying limitations periods and would encourage plaintiffs to act in a dilatory fashion. Because the order denying certification of the class is, under federal law, interlocutory and not immediately appealable, *see Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), plaintiffs cannot appeal from the order until the trial has concluded and a final judgment has been entered. Assuming that an appeal is filed, it is conceivable, if not probable, that the appeal process will continue until 1996 or later. Plaintiffs then submit that the two-year limitations period would begin anew. Under this scenario, a putative class member could file a complaint in 1998 or later and assert claims against the defendants for the allegedly illegal acts that occurred in 1989. In effect, by the filing of the original class action complaint, all putative class members would enjoy a nearly ten year limitations period in which to bring their claims.

We are hesitant to adopt any tolling rule which can be so readily manipulated by one party to the prejudice of another. Under plaintiffs' version of the tolling rule, the length of the tolling period could be extended by refusing to seek an interlocutory appeal and by appealing the certification issue to the Supreme Court. Thus, depending on plaintiffs' litigation tactics, the tolling period could end immediately after the conclusion of the trial or possibly not until four or five years later, after all appeals have been exhausted. We submit that the termination of defendants' exposure to the claims of putative class members should not hinge on the legal maneuverings of the representative plaintiffs.

■ We note that the Pennsylvania Supreme Court has not directly ruled on the issue although, as rehearsed, the court has recognized the inherent potential for abuse of the tolling rule. *Cunningham,* 530 A.2d at 410. In *Cunningham,* the court noted that:

Application of the rule of tolling in *American Pipe* and its progeny was based upon a need to promote efficiency and economy of litigation, recognizing that, unless tolling were afforded, class members would not be able to rely on the existence of the suit to protect their rights.

*Id.* (citing to *Crown, Cork & Seal Co.,* 462 U.S. at 350, 103 S.Ct. at 2395). In our view, however, once certification has been denied by the district court, class members cannot reasonably rely on the existence of the suit to protect their rights, and they must timely assert claims in their individual capacities. Our conclusion is supported by the case of *Alessandro v. State Farm Mutual Automobile Ins. Co.,* 487 Pa. 274, 409 A.2d 347 (1979), wherein the court stated in dicta that the statute of limitations is suspended for class members only during the time that they are allegedly parties to the class action. Since, under Pennsylvania's class action rules, a class action is defined as "any action brought by or against parties as representatives of a class *until the court by order refuses to certify it as such or revokes a prior certification under these rules,*" Pa. R.C.P. 1701 (emphasis supplied), it follows that class members are only allegedly parties to the action until the trial court denies certification. We therefore predict that the Pennsylvania Supreme Court would restrict the tolling period in the manner outlined above.

In reaching our conclusion, we decline to follow the holding of a panel of the Pennsylvania Superior Court in *Miller v. Federal Kemper Ins. Co.,* 352 Pa.Super. 581, 508 A.2d 1222 (1986), which held that the tolling period continues throughout the pendency of an appeal. We do so by noting that the application of Pennsylvania case law to the instant dispute is problematic because Pennsylvania courts apparently treat the denial of class certification as a final order from which an appeal may be taken by the putative class members. *Alessandro,* 409 A.2d at 350, n. 9. Thus, as in *Miller,* the appeal process in state court is accelerated compared to federal appeals of the same issue, and the tolling of the limitations period during the appeal process does not have as profound an effect on the former as it does on the latter. Moreover, as rehearsed, we believe that the Pennsylvania Supreme Court would reject any attempt to broaden the *American Pipe* rule.

Finally, plaintiffs' reliance on *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977), is misplaced. In that case, after final judgment had been entered but within the period allowed for appeal, a putative class member attempted to intervene in the action for the sole purpose of appealing the district court's denial of class certification. The Supreme Court held that the class member's attempt to intervene was not time-barred and that she would be permitted to intervene to raise the appeal. That case does not, as plaintiffs contend, suggest that the plaintiff could have intervened to assert her individual claims. It stands only for the proposition that a putative class member may intervene for the limited and specific purpose of appealing the decertification order.[3] Thus, the claims of the plaintiff in *United Airlines* only survive as part of the class action and only if the decertification order is reversed on appeal.

Pursuant to our analysis, we hold that the bar date for § 1983 claims arising out of the March 11, 1989 arrests is December 10, 1991, eighteen days after class certification was denied.[4] We further hold that the individual claims of Janet Cocchi, Mary Beddingfield, Judy Dick and Valerie Zyskowski are time-barred. We will therefore dismiss the claims of Cocchi and Beddingfield in the fourth amended complaint and strike the motion of Dick and Zyskowski to intervene.

We will also require the remaining plaintiffs to resubmit the fourth amended com-

---

**3.** We decline to express an opinion on whether the Pennsylvania Supreme Court has or would adopt the rule set forth in *United Airlines* as that issue is not relevant to the instant motion.

**4.** We find no support for plaintiffs' contention that the limitations period begins anew following the termination of the tolling period in light of the *Cunningham* and *Alessandro* opinions. In any event, even were we to hold that the limitations period began anew after certification was denied on November 22, 1991, the claims of the four individuals who are the subject of this motion would still be untimely.

plaint eliminating all class action allegations and all claims that have heretofore been dismissed. The elimination of such allegations and claims is not to be construed as a waiver of the plaintiffs' right to appeal the previous orders of this court. It is merely intended to clarify the current status of the case and eliminate the confusion emanating from the convoluted document currently of record. Defendants will be required to file an answer to the streamlined·fourth amended complaint within twenty days after filing.

Defendants have also moved for sanctions. We find that sanctions are inappropriate based on our conclusion that the plaintiffs have neither ignored nor willfully attempted to circumvent the orders of this court, and we will therefore deny defendants' request. Because of our holdings, we need not address the remaining contentions raised by defendants in their motion.

An appropriate order will follow.

### *OPINION*

AND NOW, this 15th day of August, 1994, after consideration of·the motion of defendants, County of Allegheny, City of Pittsburgh, Charles Kozakiewicz and Mayer De-Roy, to dismiss plaintiffs' fourth amended complaint and for sanctions, and also of the motion of defendants to strike the motion to intervene of Judy Dick and Valerie Zyskowski,

IT IS ORDERED that the motion to dismiss with respect to the claims of Janet Cocchi and Mary Beddingfield be and hereby is granted on the basis that such claims are untimely and barred by the applicable statute of limitations.

IT IS FURTHER ORDERED that the motion to strike the motion to intervene of Dick and Zyskowski be and hereby is granted on the basis that the claims of the proposed intervenors are untimely and barred by the applicable statute of limitations.

IT IS FURTHER ORDERED that the motion of defendants for sanctions be and hereby is denied.

IT IS FURTHER ORDERED that the remaining plaintiffs shall resubmit their fourth amended complaint eliminating all

class allegations and claims which have heretofore been dismissed within twenty (20) days of the date of this order. Defendants shall file an answer to the fourth amended complaint within twenty (20) days of the date of filing.