United States Court of Appeals,

Eleventh Circuit.

No. 95-3255.

David M. ARMSTRONG, L. Benson Barger, Wallace D. Black, Howard Brooks, Jerry A. Budd, Sonja M. Carter, Dominick C. Cizek, Carol D. Clark-Iley, Charles H. Davis, Kenneth O. Giessuebel, Herold P. Glaser, Robert A. Havlish, Kumar Hinduja, Joseph C. Jett, Glenn E. Johnson, Robert C. Lerche, Calvin N. Lightner, George W. McGuirk, James W. McLean, William G. Murphy, Donald L. Prasky, Clark C. Rains, Myrtle Y. Redding, Kenneth A. Richards, Russell G. Roberts, Linda L. Ryan, Victor W. Shaw, Linton W. Smith, Michael Sylvestri, Marlon K. Tarter, Delbert S. Turner, Edward W. Walsh, Joseph W. Williamson, Plaintiffs-Appellants,

Constantino A. Barbitta, James R. Baxter, Robert D. Biggs, James H. Black, Rick L. Bordner, Rodmond M. Cookson, David B. Pool, Roger A. Purcell, Rama S. Singh, Charles M. Smith, Robert G. Swanson, William F. Waldrop, Kenneth E. Welch, Plaintiffs,

v.

MARTIN MARIETTA CORP., Martin Marietta Technologies, Inc., Defendants-Appellees.

Sept. 11, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-1066-CV-ORL-18), G. Kendall Sharp, Judge.

Before HATCHETT and ANDERSON, Circuit Judges, and WOOD[*], Senior Circuit Judge.

HATCHETT, Circuit Judge.

As a matter of first impression in this circuit, the court outlines options that plaintiffs, who have been dismissed from class actions after opting-in to the class actions, may take to protect their right to litigate their claims individually before a statute of limitations runs. We affirm in part, reverse in part, and remand.

_____

[*]Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

                    FACTS AND PROCEDURAL HISTORY

     In 1993, David M. Armstrong and thirty-two other former
employees of Martin Marietta Corporation and Martin Marietta
Technologies, Inc. (collectively "Martin Marietta") opted in an Age
Discrimination in Employment Act (ADEA) class action captioned
*Carmichael et al. v. Marietta Technologies, Inc.,* case no. 94-100-
Civ-Orl-18.   On April 7, 1994, the district court dismissed
Armstrong and the other thirty-two employees' claims without
prejudice concluding that they were not similarly situated to the
Carmichael plaintiffs.  On October 11, 1994, more than ninety days
after the district court's order of dismissal, Armstrong, the
thirty-two employees, and twelve additional former employees of
Martin Marietta (hereinafter the "Armstrong plaintiffs") filed this
ADEA action in the Middle District of Florida alleging that Martin
Marietta engaged in age discrimination when it laid them off in
1988 as part of its large scale work force reduction.  On October
25, 1994, the Armstrong plaintiffs filed an amended complaint
adding an additional plaintiff making the number of plaintiffs in
this action forty-six.

     On January 17, 1995, Martin Marietta filed a motion for
partial summary judgment against twenty-nine of the forty-six
Armstrong plaintiffs on the grounds that these plaintiffs failed to
file their individual lawsuits within ninety days after receiving
notice of their dismissal from the Carmichael class action.  Martin
Marietta also sought summary judgment against three other Armstrong
plaintiffs, Carol Clark-Iley, Glenn Johnson and Victor Shaw, on the
additional ground that they each failed to file a charge of

discrimination with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged unlawful practice, in violation of 29 U.S.C. 626(d)(2) (1994).

On March 22, 1995, a magistrate judge issued a report recommending that the district court grant Martin Marietta's partial summary judgment motion. The magistrate judge concluded that the ninety-day filing period commenced to run on the Armstrong plaintiffs' claims when the district court dismissed them from the Carmichael class action; therefore, their claims were time barred. The magistrate judge also recommended that the district court grant summary judgment against Marlon K. Tarter who was not included in Martin Marietta's summary judgment motion. Finally, the magistrate judge concluded that the "single-file" rule did not require plaintiffs Johnson, Clark-Iley and Shaw to file charges of discrimination with EEOC rejecting Martin Marietta's alternative ground for partial summary judgment. On May 10, 1995, the district court adopted the magistrate judge's report and recommendation and granted partial summary judgment in favor of Martin Marietta. On September 14, 1995, the district court amended its order and entered final judgment pursuant to Rule 54(b). This appeal followed.

## CONTENTIONS

The Armstrong plaintiffs contend that the ninety-day filing period for bringing an ADEA action in district court remained tolled after their dismissal from the class action because the district court did not enter a final judgment. In the alternative, the Armstrong plaintiffs contend that this court should excuse

their failure to file their individual lawsuits within the filing period because they did not receive notice that the ninety-day filing period resumed upon their dismissal from the class action. In response, Martin Marietta contends that the "interlocutory" status of the order dismissing the Armstrong plaintiffs from the Carmichael action does not affect the Armstrong plaintiffs' obligation to file their individual lawsuits within ninety-days of their dismissal from the class action. Martin Marietta also contends that this court should not excuse the Armstrong plaintiffs' failure to file their individual ADEA lawsuit within the statute of limitations period.

## ISSUES

The sole issue we address is whether the tolling of the ninety-day statute of limitations of the ADEA, due to the claimants' membership in the class action, remains tolled when the district court dismisses claimants from the pending class action in an interlocutory order.

## DISCUSSION

We review the district court's grant of summary judgment *de novo*. *Johnson v. Arrow Co.,* 75 F.3d 1528, 1531 (11th Cir.1996). Title 29 U.S.C. § 626(e) requires an ADEA claimant to file a lawsuit within ninety days of receiving notice of the right to sue from the EEOC. Membership in a pending class action, however, tolls the ninety-day period for filing an individual lawsuit. *See Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 352-53, 103 S.Ct. 2392, 2396-97, 76 L.Ed.2d 628 (1983). Title 29 U.S.C. § 216(b) authorizes an ADEA claimant to commence a class action or

opt into an existing class action. *See* 26 U.S.C. § 626(b) (1994) (borrowing the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)); *See also Grayson v. K Mart Corporation,* 79 F.3d 1086, 1097 (11th Cir.1996) (an ADEA claimant must demonstrate that a reasonable basis exists for his or her claim of class-wide age discrimination and make detailed allegations, supporting those allegations with affidavits). As the Supreme Court explained in *Crown, Cork & Seal Co.:*

> "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.' Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied.

*Crown, Cork & Seal Co.,* 462 U.S. at 353-54, 103 S.Ct. at 2397-98 (quoting *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 766-67, 38 L.Ed.2d 713 (1974)) (citations omitted). The tolling of the ninety-day statute of limitations protects the claimant in the event class certification is ultimately denied or vacated. Courts provide this protection because it is reasonable for such claimants to rely on the named plaintiffs in the pending class action to protect their rights. *Crown, Cork & Seal Co.,* 462 U.S. at 352-53, 103 S.Ct. at 2396-97 ("Rule 23 both permits and encourages class members to rely on the named plaintiffs to press their claims."); *Griffin v. Singletary,* 17 F.3d 356, 360 (11th Cir.1994) ("Insofar as the individual claims are concerned, punitive class members should be entitled to rely in a class action as long as it is pending."). Neither this court nor other circuits, however, have addressed whether the ninety-day statute of limitations period remains tolled when the district

court dismisses claimants from a pending class action in an interlocutory order. This question is of particular importance because at the time of dismissal claimants cannot appeal the district court's dismissal order as of right because it is not a final judgment. *See* Fed.R.Civ.P. 54(b).

In this case, the district court held that section 626(e) bars the Armstrong plaintiffs' individual ADEA lawsuit because they failed to commence their action within ninety days of receiving notice of their dismissal from the Carmichael class action. The district court found that in order for the Armstrong plaintiffs to timely file their individual lawsuits under section 626(e), they were required to file a lawsuit on or before July 7, 1994; the Armstrong plaintiffs, however, filed their lawsuit on October 11, 1994. The Armstrong plaintiffs argue that the district court erred in holding that section 626(e) barred their ADEA claims. They contend that the ninety-day filing period remained tolled even after their dismissal from the class action because the district court's order constituted an unappealable order under rule 54(b) of the Rules of Civil Procedure. Specifically, the Armstrong plaintiffs argue that the dismissal order did not have the effect of commencing the ninety-day statute of limitations because the district court in Carmichael dismissed their claims without prejudice; therefore, the district court could have vacated its order any time before final judgment. *See* Fed.R.Civ.P. 54(b). Based on this reasoning, the Armstrong plaintiffs contend that tolling of the ninety-day filing period does not end until the district court enters a final judgment in the Carmichael action.

Martin Marietta concedes that the Armstrong plaintiffs' status as opt-in plaintiffs in the class action tolled the ninety-day filing period under section 626(e), but argues that the tolling of the ninety-day filing period ceased and the ninety-day filing period resumed when the district court dismissed the appellants from the Carmichael action. Martin Marietta also contends that this is a just result because the Armstrong plaintiffs could not reasonably rely on the class to represent their interests after receiving notice of their dismissal.

As previously discussed, courts will not toll the running of the statute of limitations if claimants unreasonably relied on the pending class action to protect their rights. *Crown, Cork & Seal Co.,* 462 U.S. at 352-53, 103 S.Ct. 2396-97. Thus, the central question in this case is whether it is reasonable for claimants to rely on a pending class action to protect their rights after their dismissal from the class action when the district court's dismissal order is subject to revision at any time before the entry of final judgment and is unappealable until entry of final judgment. Federal Rule of Civil Procedure 54(b) provides:

> any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims or parties,* and the order or other form of decision *is subject to revision at any time before the entry of judgment* adjudicating all claims and the rights and liabilities of all the parties.

Fed.R.Civ.P. 54(b) (emphasis added). Although rule 54(b) permits the court, upon a party's motion for entry of final judgment, to direct final judgment as to one or more but fewer than all the parties in a class action where "no just reason for delay exists,"

the court is not required to enter final judgment in an action involving multiple parties. Fed.R.Civ.P. 54(b).

In the context of class actions, the "interlocutory" status of the dismissal order does not negate the fact that the claimants lose their membership in the class action. This loss of membership, however, may only be temporary because the district court may reconsider its dismissal order and vacate the order, or upon final judgment the claimants may appeal their dismissal and the appellate court may reverse the district court's decision. For these reasons, we hold that claimants dismissed from a class action may: (1) within the remaining time before the statute of limitations runs, file an individual lawsuit thereby rendering any appeal of their dismissal from the class action moot; or (2) await final judgment in the class action, appeal from that final judgment, and if not successful file an individual lawsuit within the time that remained at the time of their dismissal; or (3) before the running of the statute of limitations, move for an interlocutory appeal. If the district court certifies the issue for interlocutory appeal, interlocutory appeal is taken, and the district court is affirmed, tolling of the running of the statute of limitations ceases and the claimant may file an individual lawsuit before the statute of limitations runs. If the district court declines to certify the issue for appeal or an interlocutory appeal is not taken, the claimant may file an individual lawsuit within the time remaining or exercise option 2 and await final judgment.

Our holding today promotes section 216(b) because it

eliminates the need for claimants who intend to appeal their dismissal from the class action to file individual lawsuits while awaiting final judgment and avoids "needless multiplicity of actions—precisely the situation that [class actions] and the tolling rule of *American Pipe* were designed to avoid." *Crown, Cork & Seal Co.,* 462 U.S. at 351, 103 S.Ct. at 2396. In addition, this requirement discourages claimants who have opted into a pending class and are ultimately dismissed from taking no action during the pendency of the class action when they have no intention of appealing their dismissal from the class.

Moreover, the interests of justice necessitate our extending the application of the class action tolling rule for several reasons. First, "[c]lass members who do not file [an individual lawsuit] while the class action is pending cannot be accused of sleeping on their rights." *Crown, Cork & Seal Co.,* 462 U.S. at 352, 103 S.Ct. at 2397. Second, ending the tolling of the statute of limitations under these circumstances, in effect, forces the claimants upon dismissal from a class action in an interlocutory order to choose between filing an individual lawsuit within the statute of limitations period or exercising their right to appeal their dismissal. Third, and most importantly, the tolling of the ninety-day statute "creates no potential for unfair surprise" because the class complaint notifies the defendants of the substantive claims, the number and " "generic identities of the potential plaintiffs who may participate in the judgment.' " *Crown, Cork & Seal Co.,* 462 U.S. at 353, 103 S.Ct. at 2398 (quoting *American Pipe,* 414 U.S. at 555, 94 S.Ct. at 767-68).

If we applied this new rule of law to this case, section 626(e) would bar the Armstrong plaintiffs' individual actions because the Armstrong plaintiffs filed their individual ADEA lawsuit after the ninety-day statute of limitations had expired but before final judgment. We find this result unjust because the law prior to our holding today was silent on this issue. We therefore conclude that the Armstrong plaintiffs may continue their individual lawsuits in this case, but may not appeal the dismissal order or the final judgment in the Carmichael class action. Accordingly, we reverse the district court's conclusion of law that section 626(e) bars the individual ADEA lawsuit as to these plaintiffs.

We find that our holding today renders the Armstrong plaintiffs' remaining arguments moot; therefore, we summarily reject them without discussion.

CONCLUSION

For the foregoing reasons, we reverse the district court's grant of summary judgment against the Armstrong plaintiffs and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED

ANDERSON, Circuit Judge, dissenting:

Because I believe the rule created by the majority is inconsistent with Supreme Court precedent and unjustified by considerations of policy, I respectfully dissent. I would have affirmed the district court by holding that the tolling period ceased, and thus the statute of limitations began to run again, as soon as the district court excluded appellants as members of the

*Carmichael* class action.

The majority's holding—that the statute of limitations remains tolled through completion of the appeals process in the named plaintiffs' case—conflicts with Supreme Court precedent. In *American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the State of Utah filed a class action antitrust complaint with just eleven days left to run in the limitations period. Several months later, the district court entered an order denying class certification, because of the failure to satisfy the numerosity requirement of Fed.R.Civ.P. 23(a)(1). Eight days after this order, several state and local agencies who had been putative class members moved to intervene in the action to become plaintiffs. The Court held that the filing of the original class action complaint "suspended the running of the limitation period *only during the pendency of the motion to strip the suit of its class action character.*" *Id.* at 561, 94 S.Ct. at 770 (emphasis added). The Court explained that "the intervenors thus had 11 days after the entry of the order denying them participation in the suit as class members in which to move for permission to intervene." *Id.* Although apparently there was no argument that tolling should continue thereafter because the order denying class status was interlocutory, and thus it might be said that the Court did not squarely reject such an argument, surely the Court assumed that the crucial time for tolling to end was the district court's order denying class certification, not some later final order.

In *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 103

S.Ct. 2392, 76 L.Ed.2d 628 (1983), the Court applied the *American Pipe* tolling rule not only for persons who sought to intervene in the named plaintiffs' case after class certification was denied, but also for persons who wished to file separate suits. Within ninety days after the district court denied class certification in the Title VII action, but almost two years after receiving a right to sue notice from the EEOC, respondent Parker filed an individual Title VII complaint. By explaining that Parker "retained a full 90 days in which to bring suit *after class certification was denied,*" *id.* at 354, 103 S.Ct. at 2398 (emphasis added), the Court indicated that the tolling of the statute of limitations ceased as soon as the district court denied class certification, and not when a final decision on the merits was reached.[1]

In *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977), the district court denied class certification in a Title VII case, and the named plaintiffs successfully litigated their case to a settlement. Eighteen days after the district court entered a judgment of dismissal upon the settlement, a putative class member filed a motion to intervene for

---

[1]The first sentence of the opinion reveals the Court's belief that the statute of limitations recommences when the district court denies class certification, not at some later time:

> The question presented in this case is whether the filing of a class action tolls the applicable statute of limitations and thus permits all members of the putative class to file individual actions in the event that class certification is denied, provided, of course, that those actions are instituted within the time that remains on the limitations period.

*Id.* at 346–47, 103 S.Ct. at 2394.

the sole purpose of appealing the district court's earlier denial of class certification.  The Court held that the motion was timely under Fed.R.Civ.P. 24 because it was filed "within the [30 day] time period in which the named plaintiffs could have taken an appeal."  *Id.* at 396, 103 S.Ct. at 2471.  In its analysis, the Court addressed the defendant's argument that the intervenor had no interest in the litigation because the statute of limitations had expired.  The Court emphasized that the purpose of the motion was to appeal the denial of class certification, and not to litigate an individual claim:

> This [statute of limitations] argument might be persuasive if the respondent had sought to intervene in order to join the named plaintiffs in litigating her individual claim ..., for she then would have occupied the same position as the intervenors in *American Pipe.*  But the later motion to intervene in this case was for a wholly different purpose. That purpose was to obtain appellate review of the District Court's order denying class action status ..., and the motion complied with, as it was required to, the time limitation for lodging an appeal....  Success in that review would result in the certification of a class, the named members of which had complied with the statute of limitations;  the respondent is a member of that class against whom the statute had not run at the time the class action was commenced.

*Id.* at 392, 97 S.Ct. at 2468-69 (footnote omitted).  The passage quoted above strongly implies that the statute of limitations for suing in one's own name begins to run again as soon as the district court denies class certification, although an excluded putative class member whose individual claim is barred by the statute of limitations may still appeal the denial of class certification.

In addition to the Supreme Court precedent discussed above, at least two federal appellate courts have rejected the argument that the statute of limitations for filing an individual claim should remain tolled through an unsuccessful appeal of the denial of class

certification. *See Nelson v. County of Allegheny,* 860 F.Supp. 1080, 1084 (W.D.Pa.1994) ("[T]he claims of the plaintiff in *United Airlines* only survive as part of the class action and only if the decertification order is reversed on appeal."), *aff'd,* 60 F.3d 1010 (3d Cir.1995) (holding that the tolling of the statute of limitations ceased upon the district court's order denying class certification, and did not continue through completion of the appeals process), *cert. denied,* --- U.S. ----, 116 S.Ct. 1266, 134 L.Ed.2d 213 (1996); *Calderon v. Presidio Valley Farmers Ass'n,* 863 F.2d 384, 390 (5th Cir.) (per curiam) (holding that the statute of limitations begins to run again upon the district court's original denial of class certification, even if the district court later reconsiders the issue and certifies a class), *cert. denied,* 493 U.S. 821, 110 S.Ct. 79, 107 L.Ed.2d 45 (1989).

Considering the case law discussed above, I would hold that the statute of limitations began to run again as soon as the district court excluded appellants as members of the *Carmichael* class action. Moreover, several considerations of policy persuade me that the result reached by the majority is unwise, and that the court should have adopted the simpler approach I advocate.

Tolling the statute of limitations while a class action is pending encourages reasonable reliance on the named plaintiffs to protect the interests of the putative class members. *See Crown, Cork & Seal,* 462 U.S. at 362-63, 103 S.Ct. at 2397 ("Class members who do not file suit while the class action is pending cannot be accused of sleeping on their rights; Rule 23 both permits and encourages class members to rely on the named plaintiffs to press

their claims."). In my view, after the district court enters the order denying class action status, reliance on the named plaintiffs is no longer reasonable, and the excluded putative class members should be on notice that they must act to protect their rights. *See United Airlines, Inc. v. McDonald,* 432 U.S. 385, 399, 97 S.Ct. 2464, 2472, 53 L.Ed.2d 423 (1977) (Powell, J., dissenting). According to the majority, however, continuing to toll the statute of limitations after denial of class certification is justified: the denial of class action status "may be only temporary because the district court may reconsider its dismissal order and vacate the order, or upon final judgment the claimants may appeal their dismissal and the appellate court may reverse the district court's decision." Maj.Op. at 3460. To the contrary, I find it difficult to believe that a reasonable person would rely on the hope that some day a court might determine that the suit should have proceeded as a class action. When the district court denies class certification,[2] the named plaintiffs no longer have a duty to advance the interests of the excluded putative class members. *See* Fed.R.Civ.P. 23(c)(1), advisory committee's note (explaining that the trial court's order denying class action status "strip[s] [the suit] of its character as a class action," thus requiring the litigation to proceed as a non-class action, even though the district court may change its mind and certify a class at any time

-----

[2]Technically speaking, the district court in the instant case did not deny class certification altogether; rather, it certified a narrow class that did not include appellants as members. As a shorthand, I will refer in this opinion to the more common situation where the district court denies class certification altogether.

before a decision on the merits); *Pearson v. Ecological Science Corp.,* 522 F.2d 171, 177 (5th Cir.1975) (rejecting the argument that the interlocutory nature of the district court's order denying class certification requires the named plaintiffs to exercise a continuing fiduciary duty to the putative class members). Although it is possible that the district court may reconsider its order denying class certification, or that an appellate court may ultimately reverse it, district courts have broad discretion with respect to such rulings. *See, e.g., Jones v. Firestone Tire & Rubber Co., Inc.,* 977 F.2d 527, 531 (11th Cir.1992) (citing cases for the proposition that "[a] district court's denial of class certification will not be disturbed absent an abuse of discretion"), *cert. denied,* 508 U.S. 961, 113 S.Ct. 2932, 124 L.Ed.2d 682 (1993). Thus, reliance on the possibility of a change in the order denying class certification is ordinarily not reasonable.[3] For the foregoing reasons, I believe that tolling the statute of limitations after the district court denies class certification is unnecessary to protect any *reasonable* reliance by putative class members on their former class representatives.

While tolerating unreasonable reliance by putative class members on their former class representatives, the majority's extended tolling rule creates a substantial risk of unfair

---

[3]Furthermore, it could take years for the named plaintiffs' case to reach final judgment and completion of the appeals process, and there are no guarantees that the named plaintiffs will prevail on the merits (or obtain a favorable settlement). Thus, even if the tolling of the statute of limitations is extended as contemplated by the majority, many putative class members will protect themselves by filing an individual suit soon after the district court denies class certification.

prejudice to defendants. Statutes of limitation are intended to protect defendants by preventing "the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of Railroad Telegraphers v. Railway Express Agency,* 321 U.S. 342, 348-49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944). The majority's rule will unfairly prejudice at least some defendants by extending the tolling of the limitations period through the completion of an appeal of the class certification decision. The statute of limitations conceivably could remain tolled for several years, especially under the majority's option 2 where no interlocutory appeal occurs. *See Nelson v. County of Allegheny,* 60 F.3d 1010, 1013 (3d Cir.1995) (holding that such an extended tolling period would be "unreasonable"), *cert. denied,* --- U.S. ----, 116 S.Ct. 1266, 134 L.Ed.2d 213 (1996). The potential length of the delay certainly increases the probability of lost evidence, faded memories, missing witnesses, and other forms of prejudice to the defendant. Of course, the *American Pipe* tolling rule also causes some delay, even if the tolling ceases as soon as the district court denies class certification. However, the length of the delay (and hence the risk of prejudice) is much smaller, in part because Fed.R.Civ.P. 23(c)(1) directs the district court to make the class certification decision "[a]s soon as practicable after the commencement of an action brought as a class action." *See American Pipe,* 414 U.S. at 562, 94 S.Ct. at 770 (Blackmun, J., concurring) (noting that district courts can make the *American Pipe* rule more fair to defendants, *inter alia,* by making the class certification

decision promptly).

Because I believe it is unreasonable for plaintiffs to rely on an action after being dismissed from it, and because I believe the majority's rule unfairly prejudices defendants, I would end the tolling of the statute of limitations as soon as the trial court denies class certification. Thus, when the district court denies class certification, I would require the dismissed class member to file an individual suit (or intervene to become a party in the named plaintiffs' case) within the time remaining in the statute of limitations period. If the claimant also wished to appeal his or her exclusion from the class, he or she could file a motion pursuant to Fed.R.Civ.P. 54(b) (or 28 U.S.C. § 1292(b)) seeking the class action judge's permission to file an interlocutory appeal. The claimant could then request a stay of his or her individual lawsuit pending the outcome of the class certification appeal. Although the decision whether to grant a stay is a matter of discretion with the district court, the claimant would have a strong argument for a stay if the class action judge allowed an interlocutory appeal of the class certification issue and the claimant could demonstrate that there was merit to the interlocutory appeal. My approach thus depends on the sound discretion of district judges: the discretion of the class action judge to allow an interlocutory appeal in cases where there is some hope for a successful appeal, and the discretion of the individual suit judge to stay proceedings pending the outcome of an appeal if such a stay would serve the interests of justice.

The foregoing discussion demonstrates that the approach I

advocate is supported by strong Supreme Court dicta, by the square holdings of two circuit courts of appeal, and by relevant policy considerations. I also respectfully submit that the rule set forth by the majority contains unnecessary ambiguities and complexities.

As I understand it, the majority offers putative class members the following three options after the district court enters the order denying them participation in the class action:

> (1) They may file an individual lawsuit within the remaining time before the statute of limitations expires. The majority apparently contemplates that the tolled statute of limitations would recommence its running at the time of the district court's order denying class certification.[4] The majority opinion also indicates that filing the individual suit operates as a waiver of the right to participate in any appeal regarding the denial of class certification;[5] or

> (2) They may await final judgment in the named plaintiffs' case, intervene therein and appeal from the earlier order denying class certification.[6] If that appeal is unsuccessful,

[4]The majority makes this point clear in its treatment of the facts of the case. *See* Maj.Op. at 3461 ("If we applied this new rule of law to this case, [the statute of limitations] would bar the Armstrong plaintiffs' individual actions because the Armstrong plaintiffs filed their individual ADEA lawsuit after the ninety-day statute of limitations had expired but before final judgment."). Also, in its description of option 1, the majority states that the individual suit should be filed "within the remaining time before the statute of limitations runs."

[5]I infer this "waiver" concept from the majority's description of option 1, which states that the filing of an individual suit renders "moot" any appeal regarding the denial of class certification. I think the majority is creating a waiver, because it is not clear how the concept of mootness would operate in this context. Both ordinary principles of mootness and the dicta in *United Airlines,* 432 U.S. at 392, 97 S.Ct. at 2468-69, suggest that there is no mootness. (The doctrine of res judicata, or the related doctrine of collateral estoppel, might apply when the individual suit reaches a judgment; however, those doctrines would not apply when the individual suit is simply filed.)

[6]It is not clear what happens if the putative class members choose not to appeal their exclusion from the class (e.g., if the defendant prevails on the merits). I presume that the statute of

they may then file an individual suit within the time that remained as of the district court's order denying class certification.[7] In other words, after the district court denies class certification, the statute of limitations for filing an individual suit remains tolled until the named plaintiffs' case reaches final judgment and no further appeals with respect to the denial of class certification are possible;[8] or

(3) They may move to intervene in the named plaintiffs' case in order to pursue an interlocutory appeal of the class certification decision.[9] In this option, as in option 1, the majority apparently contemplates that the tolled statute of

---

limitations begins to run again upon the expiration of the time for filing an appeal from the final judgment in the named plaintiffs' case.

[7]The majority's opinion does not explain the exact point at which the statute of limitations begins to run again. For example, does it recommence on the date of the appellate court's opinion, or when the time for seeking certiorari expires? The appropriate time would probably be when no further appeals (or rehearings) are possible, which of course entails the maximum delay before the statute of limitations would recommence.

[8]To say that the statute of limitations remains "tolled" this entire time is not completely accurate, because the majority apparently contemplates that no individual suits may be filed in the time period falling between options 1 and 2. The instant case provides an example. The Armstrong plaintiffs filed this suit more than ninety days after the district court's order dismissing them from the *Carmichael* class action; thus, they are too late to exercise option 1. However, their suit was filed before the *Carmichael* case reached final judgment; thus, they are too early to exercise option 2. Unwary plaintiffs who file suit in the interim period between options 1 and 2 will have their individual suits dismissed: should the dismissal be with prejudice (because the statute of limitations has expired), or without prejudice (because under option 2 the statute of limitations will resurrect after the named plaintiffs' case reaches final judgment)? The majority apparently contemplates that the dismissal would be with prejudice. Maj.Op. at 3461 ("If we applied this new rule of law to this case, section 626(e) would bar the Armstrong plaintiffs' individual actions...."). Thus, the unwary plaintiff who files an individual suit late is barred forever, but an individual plaintiff who waits pursuant to option 2 is not barred.

[9]If the named plaintiffs file an interlocutory appeal regarding the denial of class certification, do the putative class members still have to intervene in order to take advantage of option 3?

limitations would recommence its running at the time of the district court's order denying class certification, but would cease running and be tolled again when the claimant moves for an interlocutory appeal.[10] If an interlocutory appeal is permitted and the district court is affirmed, then the majority explains that the running of statute of limitations recommences.[11] If the district court declines to certify the issue for appeal or if an interlocutory appeal is not accepted, the majority apparently contemplates that the tolling ceases and the running of the statute of limitations recommences.[12] If the recommenced statute of limitations expires before the claimant files an individual suit, the claimant may exercise option 2 (i.e., file suit after final judgment in the named plaintiffs' case—at which time the expired statute of limitations becomes resurrected).

From the foregoing discussion, it appears that the majority's array of options will generate confusion and uncertainty.

In sum, I submit that the majority's approach to this case is inconsistent with precedent and the relevant policy considerations, and also contains ambiguities and complexities. Respectfully, I dissent.

---

[10]I infer that the running of the statute of limitations recommences when the district court denies class certification. *See supra* note 4. However, if the statute of limitations does recommence at the time of the district court's order denying class certification, then the statute would clearly have expired by the time of final judgment in the named plaintiffs' case; however, option 2 contemplates a resurrection of the statute of that time. Does the statute of limitations run for purposes of options 1 and 3, but not for purposes of option 2? *See supra* note 8.

[11]The majority does not clarify at what exact point the statute of limitations begins to run again after an unsuccessful appeal. *See supra* note 7.

[12]I infer this point from the majority's description of option 3, i.e., the language that the claimant may file an individual lawsuit "within the time remaining." In this situation, it is unclear exactly when the statute of limitations recommences. It probably begins to run again when the district court enters the order denying permission to file an interlocutory appeal (or, if the district court grants such permission, when the appellate court enters an order refusing to entertain an interlocutory appeal).