**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2429
_____

RICHARD DILAURI,
                    Appellant

v.

WILLIAM P. MULLEN, Sheriff in official and individual capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 09-cv-00198)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2014

Before:  RENDELL, GREENAWAY, JR. and ALDISERT, Circuit Judges

(Opinion filed April 10, 2014)
_____

OPINION
_____

PER CURIAM

        Richard DiLauri, proceeding pro se, appeals an order of the United States District

Court for the Western District of Pennsylvania granting summary judgment for defendant

William Mullen in his civil rights action.  For the reasons that follow, we will affirm.

In 2009, DiLauri, a former inmate at the Allegheny County Jail in Pittsburgh, Pennsylvania, filed a civil rights action against Allegheny County Sheriff William Mullen and Warden Ramon Rustin. DiLauri's complaint stemmed from injuries he suffered as a result of a fall on a stairway. DiLauri amended his complaint twice and added other defendants. The District Court adopted the Magistrate Judge's report and recommendation to grant the defendants' motion to dismiss his second amended complaint.

On appeal, we affirmed the dismissal of the complaint against all of the defendants except Sheriff Mullen. The District Court had concluded that DiLauri failed to state a claim against Sheriff Mullen because he did not allege that Sheriff Mullen was personally involved in the claimed constitutional violations. Because DiLauri's assertions on appeal suggested Sheriff Mullen's personal involvement, we ruled that DiLauri should be afforded an opportunity to amend his complaint against this defendant. DiLauri v. Mullen, 477 F. App'x 944, 948 (3d Cir. 2012) (per curiam) (non-precedential).

On remand, DiLauri filed an amended complaint alleging that on August 6, 2007, a deputy sheriff escorted him from a courtroom in the Allegheny County Courthouse to a holding cell. According to DiLauri, he was having trouble walking in his shackles and, when he walked by Sheriff Mullen's desk, he commented to him about their poor condition. Sheriff Mullen's desk was allegedly located near the entrance to a steep stairway. DiLauri hesitated at the top of the stairway and stated that it looked dangerous. The deputy sheriff insisted that he proceed and he fell after taking a few steps. Sheriff

2

Mullen allegedly called emergency medical personnel, who declined to take the stairway and used an alternative route to transport him to the hospital. Months later, DiLauri was diagnosed with a fractured hip. DiLauri claims that Sheriff Mullen was deliberately indifferent to his safety in violation of his Eighth Amendment rights based on his knowledge of the risk of harm, his policy of using the stairway, and his failure to train the deputy sheriffs.

Following discovery, Sheriff Mullen filed a motion for summary judgment. DiLauri did not file a response and the Magistrate Judge recommended that the District Court grant the motion. The District Court adopted the Magistrate Judge's report and recommendation over DiLauri's objections. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is de novo. Watson v. Abington Twp., 478 F.3d 144, 155 (3d Cir. 2007).

As discussed in the Magistrate Judge's report, although DiLauri alleges in his complaint that Sheriff Mullen was present at the top of the stairway on the day of his fall, Sheriff Mullen submitted evidence establishing that he was not. Sheriff Mullen attested that he was working in his office, which is located on another floor of the building, and that he learned about the incident when it was reported to him. The record reflects that the man stationed at the desk at the top of the stairway was a deputy sheriff named Thomas Jarzynka. DiLauri also alleges in his complaint that the stairway is a well-known hazard, but Sheriff Mullen attested that there are no written reports of other falls by detainees on the stairway and that he did not know of any other incidents. It is

3

undisputed that, when court was in session, it was common for 75 or more detainees to travel, like DiLauri did, from the jail through the holding cell to the courthouse and back.

As noted above, DiLauri did not respond to the summary judgment motion and, at this stage, he may not rely on the assertions in his pleadings. Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006). Absent any evidence that Sheriff Mullen was aware of a substantial risk of harm presented by the stairway, the District Court did not err in granting his motion for summary judgment on DiLauri's claim that he was deliberately indifferent to a risk of harm. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (liability under the Eighth Amendment requires that an official knows of and disregards an excessive risk to inmate safety); Beers-Capitol v. Whetzel, 256 F.3d 120, 135 (3d Cir. 2001) (same).

Summary judgment is also warranted on DiLauri's claim seeking to hold Sheriff Mullen liable based on his policy of requiring inmates to use the stairway while in restraints. Absent evidence of other incidents on the stairway or evidence that the risk of harm presented by the stairway was "so great and obvious," there is no issue of fact for a jury as to whether the policy created an unreasonable risk of Eighth Amendment injury. See Beers-Capitol, 256 F.3d at 134 (setting forth test to determine whether a policymaker exhibited deliberate indifference to a risk of injury). Similarly, absent evidence that the existing practice created an unreasonable risk of injury, DiLauri's failure-to-train claim

4

also fails as a matter of law. See Brown v. Muhlenberg Twp., 269 F.3d 205, 216-17 (3d Cir. 2001) (applying test for supervisory liability to failure-to-train claim).[1]

DiLauri asserts in his brief, as he did in his objections to the Magistrate Judge's report, that there are disputed issues of fact as to the condition of his shackles and whether he lowered himself and slid down the steps as opposed to fell. As recognized by the District Court, neither of these issues has any bearing on the resolution of DiLauri's claims against Sheriff Mullen. DiLauri also maintains that there is a dispute as to whether Sheriff Mullen or a deputy sheriff called emergency medical personnel, but he points to no evidence of record reflecting that a factual issue exists. Finally, DiLauri asserts that the record reflects that Sheriff Mullen was aware of another injury that occurred on the stairway and that Deputy Sheriff Douglas Clark had witnessed people fall. Sheriff Mullen's affidavit, however, reflects that he became aware during this litigation of an injury to an employee in 1992 when his foot became caught on the stairs. Deputy Sheriff Clark's affidavit reflects that he has seen people stumble on the stairway without falling. This evidence is insufficient to create an issue of fact for trial as to whether Sheriff Mullen was deliberately indifferent to a substantial risk of harm.

Accordingly, we will affirm the judgment of the District Court.

---

[1]We have recognized that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), there is some uncertainty as to the viability and scope of supervisory liability. Argueta v. U.S. Immig. and Customs Enforcement, 643 F.3d 60, 70 (3d Cir. 2011). We need not consider this question here because DiLauri's claims fail under our previously-established standards.

5